## Lamb v. Shays *et al.*

1. JUDGMENT LIEN. The lien of a judgment on lands in this State being conferred by statute, can become effective only in the manner, at the time, and upon the conditions and limitations imposed by the Statute itself.

2. SAME: HOMESTEAD. A judgment does not attach as a lien upon the premises used and occupied as a homestead by the judgment debtor; and a conveyance of the homestead while it is thus used and occupied, invests the grantee with a title thereto free from the lien of any judgments against the grantor.

3. SAME: ABANDONED HOMESTEAD. When a judgment debtor ceases to use and occupy premises which he owns, as a home for his family, existing judgments attach as liens thereon, in the same manner that judgments attach as liens upon property acquired after the rendition thereof.

*Appeal from Jasper District Court.*

TUESDAY, APRIL 16.

THE defendant, Shays, in April, 1861, executed a mortgage to the complainant upon lot two, in block thirteen in the town of Newton. This proceeding is to foreclose said mortgage. The appellants, the State of Iowa and Jasper County, are made parties for the purpose of quieting the title to said premises. It appears that prior to the execution of this mortgage, Shays purchased said lot from one Edward O'Brien; that while O'Brien was the owner of the lot, the appellants recovered judgments against him which

are now claimed to be liens upon said property. The peti-
tioner alleges that at the time of the rendition of these
judgments and until the sale to defendant Shays, the said
O'Brien was the head of a family, and, as such, used and
occupied the property as a homestead. Under this state
of facts it is asked by the plaintiff that the court declare
that the appellants have no lien upon the property, and
that the property be sold to satisfy the debt of the peti-
tioner. To this there was a demurrer by appellants, which
being overruled, they now appeal and assign this ruling as
error.

*C. C. Nourse*, Attorney-General, for the State and Jasper
County, appellants, argued: 1. Section 4105 of the Revi-
sion (2185, Code of 1851), expressly makes all judgments
in the District Court liens upon the real estate owned by
the defendant within the county, and the homestead law
contains no modification or exception to this statute. The
homestead exemption is a personal privilege and cannot be
conveyed to another. *Allen* v. *Cook*, 26 Barb., 304; *Folsom*
v. *Carli*, 5 Minn., 333; *Lawton* v. *Bruce*, 39 Me., 486;
*Horschfelt* v. *George*, 6 Mich., 469; *Wisner* v. *Farner*, 2 Id.,
475; *Hoyt* v. *Hyne*, 3 Wis., 752; *Chamberlain* v. *Lyell*, 3
Mich., 148. The only case which intimates a different rule
is *Green* v. *Marks*, 25 Ill., 221. 2. The law designs to se-
cure to the debtor the use and occupation of his house.
*Charless & Blow* v. *Lamberson*, 1 Iowa, 435; *Horn* v. *Tufts*,
39 N. H., 478; *Howe* v. *Adams*, 28 Verm., 544; *Earl* v.
*Earl*, 9 Tex., 630; and when he ceases to so use and
occupy it, it loses its homestead character and becomes
subject to the payment of his debts.

No appearance for the appellee.

BALDWIN, C. J.—It will be readily perceived that the
only question thus presented is whether the lien of a judg-

Lamb v. Shays.

ment attaches to the homestead that is exempt from judicial sale; or to the same effect, whether the property claimed as a homestead, can be transferred by the owner thereof, free from the effect of a judgment rendered against him while he occupied the same as a homestead. Section 4105 of the Revision of 1860, provides that judgments in the Supreme or District Courts of this State are liens upon the real estate owned by the defendant at the time of such rendition. Section 3247 provides the manner for enforcing a judgment, that is, by execution. A lien therefore that cannot be enforced by execution is inoperative and of no practical effect or benefit to the holder thereof. Section 2277 provides that when there is no special declarations of the Statute to the contrary, the homestead of every head of a family is exempt from judicial sale. The law in relation to the homestead exemption is silent as to the effect of a judgment lien. The section in relation to the liens of judgments of the Supreme and District Court, and the one giving to the owner of the homestead, the exemption were passed by the Legislature at the same time, the one giving to the judgment creditor a lien on all lands of the defendant and the other denying him the right to enforce it so far as the homestead is concerned. The right of the judgment creditor to seize or to enforce his judgment by selling the lands of the debtor, exists only by force of the statute and is regulated altogether by its provisions. The lien of a judgment upon lands in this state being conferred by statute, it can only have such force as is given thereby, and it can only attach or become effective in the manner, at the time, and upon the conditions and limitations imposed by the statute itself. A lien without the power to enforce it carries with it no advantage to the owner thereof. It cannot be enforced as against the homestead, because it is exempt from judicial sale. It is inoperative, and cannot be otherwise, as long as the homestead is used as a home.

Construing the two sections together, having been passed at the same time by the Legislature, we think that it could not have been designed that the lien should ever attach upon property that was declared exempt from judicial sale.

This exemption exists only so long as the homestead is occupied and used as a home. The moment it ceases to be used as such, the lien attaches, the same as it attaches against property acquired by the judgment debtor after the judgment is rendered, and the priority of liens can be determined in the same manner. If, therefore, this lien does not attach so as to be effective against the owner, how can it affect the rights of a purchaser of the homestead property? The right of exemption continues until the sale and delivery of the deed to the vendee, and the lien cannot attach until after sale and delivery, nor until after it ceases to be occupied by the owner. Prior to this the vendee's rights become absolute.

There are, however, other provisions in this law in relation to the homestead which must have a bearing upon the determination of this question. And we remark here, that in the authorities cited by counsel for appellants, the decisions appear to have been made upon statutes with different provisions than those contained in the homestead law of this State. Thus, by virtue of the provisions of §§ 2888, 2889, the owner may, from time to time, at his pleasure, change the limits of his homestead by changing the metes and bounds as well as the record of the plat and description, or he may change his homestead entirely. The new homestead to the extent in value of the old is exempt from execution in all cases where the old or former homestead would have been exempt. Under this provision of the statute we think that the owner has a right, not only to change his homestead from one tract or lot of land to another, owned by him at the time he acquired his homestead, but he may sell his homestead, and with the proceeds

Lamb v. Shays.

of such sale acquire a new homestead exempt from execution to the value of the old. If he should not, with the proceeds of such sale, acquire a new homestead, such proceeds would be liable to be taken in satisfaction of his debts. If, however, the judgment was a lien upon the homestead and became operative the moment the owner should sell the old with a view of acquiring the new, the exemption and the rights conferred by this section would be unavailing. Again, § 2296 provides that the homestead may be devised like other real estate subject to the rights of the surviving husband or wife. The giving to the owner the full power to devise the homestead as he may think proper, without regard to the rights of judgment lien holders, is an additional evidence of the design of the Legislature to place the homestead wholly within the power of the owner and beyond the grasp of the creditor. Again, the husband cannot mortgage the homestead without the concurrence of the wife. If the lien of a judgment confessed by or taken against the husband alone (and to which the wife never assented), can thus attach to and subject the homestead to the payment of his debts, it virtually destroys that peculiar interest of the wife in the homestead which the Legislature seems to have been so strenuous to protect.

It has been held by this court in the case of *Alley* v. *Bay et al.*, 9 Iowa, 509, that the lien of a junior mortgage executed by the husband and wife was paramount to the lien of a mortgage executed by the husband alone. If this be true, a lien created by a mortgage executed by the husband and wife upon the homestead would certainly be paramount to the lien of prior judgments. If, therefore, the owners can by mortgage encumber the homestead by liens paramount to all judgment liens, and to the full or more than the full value of the homestead, why may they not sell absolutely, as the mortgage virtually disposes of all their interest

therein. The lesser power is certainly included in the greater.

We do not propose to refer in detail to the authorities referred to by counsel in their argument. We readily concede that they are conflicting, but each case must be controlled by the peculiar provisions of the statute under which it is made.

Affirmed.