Cole, Ch. J.
The maker of the note and mortgage interposes no defense. The defendant Coggshall, in his cross petition, averred that he purchased the property after the mortgage was made and recorded; that he is the head of a family and residing on the premises as a homestead; that the mortgagor, Rollins, had other property not exempt from execution sufficient to pay the mortgage debt, interest and costs; he, therefore, asked that plaintiff be required to exhaust said Rollins’ property before the real estate mortgaged be sold under execution. The demurrer was because the cross petition did not state a cause of action; it did not show that defendant’s homestead had been set off and recorded; it asserted a homestead in eighty acres without alleging that a forty was not worth $500. This demurrer was sustained, and this is the only alleged error.
Our statute provides that the homestead of every head of a family is exempt from judicial sale. Rev., § 2277. It may, however, be sold for debts contracted prior to the passage of the homestead law, or prior to the pur chase of the homestead, or for those expressly stipulating that the homestead is liable. “ But it shall not in such cases be sold except to supply the deficiency remaining after exhausting the other property of the debtor, which is liable to execution.” § 2281. The difficulty with the defendant Coggshall is, that he is not the debtor, and is not within the language or the spirit of the section quoted. His homestead was not within the contemplation of the parties to the contract sued on. The creditor might well be held to have contracted with referefice to all the pháses of homestead claimed by his debtor; but not as to any such claim by third parties, who should voluntarily purchase the property with full knowledge of the incumbrance upon *406 it. They cannot intrude their rights upon the property to the prejudice of the creditor. Besides this, the right to require the sale of and exhausting other property of the debtor, even in a proper case, is in no sense a cross action— it is simply a right to have a modification of or special direction embodied in the process of execution, and may be claimed and set up in an answer, or obtained upon a summary showing supplemental to the decision of the main case.
Afiirmed.