## KEMERER v. BOURNES.

1. **Dower:** PURCHASE MONEY: ASSUMPTION OF MORTGAGE. The widow of one who purchases real estate, assuming the payment of a mortgage thereon as a part of the purchase price, is not entitled to dower in the property as against the mortgagee.

2. **Homestead:** COMMENCEMENT OF OCCUPANCY: PENDING OF FORE-CLOSURE. Where the occupancy of property as a homestead commences during the pendency of an action to foreclose a mortgage thereon, no homestead rights can be acquired to defeat such mortgage.

3. **Practice:** INTRODUCTION OF EVIDENCE: DISCRETION OF COURT. The action of a court in refusing to allow the introduction of evidence after the opening argument will only be reviewed upon a showing of an abuse of discretion.

4. **Mortgage:** FORECLOSURE IN PART: HOLDER OF NOTES NOT DUE. After the sale of mortgaged property under a foreclosure of the mortgage as to the earlier maturing notes of a series secured thereby, and the expiration of the right of redemption, the defendant, who was in possession of the property, became the owner of the last maturing note of the series, the holder of which had not been made a party to the foreclosure proceedings: *Held*, that the fact of such ownership did not constitute a defense to an action for possession of the property by the purchaser at the foreclosure sale; the only right acquired by the defendant in the property being the right to enforce the lien of the mortgage by proper proceedings, subject to the senior lien of the plaintiff.

*Appeal from Butler Circuit Court.*

FRIDAY, MARCH 19.

ON the 25th of February, 1874, William Dobbins conveyed to S. H. Phinney, by deed of general warranty, twenty-five feet off the north end of lots eleven and twelve, in block seventy-four, in the town of Arlington, Butler county. To secure the payment of the purchase money, Phinney executed a mortgage to Dobbins upon the said real estate, and also upon the south fifty feet of lots five and six, in block seventy-five, in said town. The mortgage was in the sum of $950, and payable as follows: $100 on the 25th day of February, 1875; $300 February 25, 1876; $300 February 25, 1877, and $250 February 28, 1878. Negotiable promissory notes were

executed for the several sums secured by the mortgage. On the 18th day of February, 1875, Phinney sold and conveyed to E. A. Kemerer, plaintiff herein, the said south fifty feet of lots five and six, in block seventy-five. The conveyance was by deed with covenants of general warranty, subject to the Dobbins mortgage of $950. On the 12th day of January, 1875, Phinney sold and conveyed to S. A. Sanborn the twenty-five feet off the north end of said lots eleven and twelve, by a deed with covenants of warranty subject to the Dobbins mortgage. Sanborn sold and conveyed said twenty-five feet to one Linebeck, on the 27th day of August, 1875. This conveyance was, also, subject to the Dobbins mortgage. Linebeck conveyed to Edward Bournes (the husband of defendant herein) the said twenty-five feet off block seventy-four, by warranty deed on February 1, 1876. By the terms of said deed Bournes assumed the payment of the whole of the Dobbins mortgage.

The first note of $100 secured by said mortgage was paid. Dobbins assigned the two notes for $300 each to one John Matthews. On the 2d day of May, 1876, said Matthews commenced an action for the foreclosure of his interest in the mortgage, and made Phinney and his wife, and said Edward Bournes, parties defendant. A judgment and decree of foreclosure was entered May 22, 1876, for the note then due, and the cause was continued as to the note held by Matthews which was not then due. This judgment was paid. On the 29th day of May, 1877, there was a judgment and decree foreclosing the mortgage for the amount due on the note of $300 which became due February 25, 1877. The judgment was against Phinney personally, and against Bournes, cutting off liens and rights which he had in the property. Special execution has issued upon this judgment, and all of the mortgaged property was sold thereon to said Matthews. On the 6th day of August, 1877, a sheriff's certificate of sale was given to Matthews, which he assigned to E. A. Kemerer, plaintiff herein, and at the expiration of one year a sheriff's deed was

made to her, which is her source of title to the twenty-five feet off lots eleven and twelve, in block seventy-four.

Edward Bournes and the defendant, with their family, took possession of said premises soon after the conveyance was made to him, and they continued to reside in a house situated thereon until August 22, 1877, when he died, and the defendant has continued to reside upon the premises as her home, since the death of her said husband. In August, 1878, the defendant purchased from said William Dobbins the last note of $250, secured by said mortgage.

This action was brought by the plaintiff to recover the possession of said premises. She claimed to be the absolute owner thereof by virtue of her sheriff's deed upon the foreclosure of the mortgage. She also demanded judgment for rents and profits. The defendant by an answer and cross-petition claimed: 1. That she was entitled to dower in the premises as the widow of Edward Bournes. 2. That said property was her homestead, and 3. That she was entitled to a foreclosure of the mortgage for the note of $250 assigned to her by Dobbins, and to redeem from the plaintiff.

There was a decree dismissing the defendant's cross-bill without prejudice, so far as it pertains to a foreclosure of the mortgage for the amount of the note for $250, and a judgment was rendered for the plaintiff for the possession of the property, and $160 for the use and occupation thereof. Defendant appeals.

*J. H. Scales*, for appellant.

*Fred. Gilman* and *D. T. Gibson*, for appellee.

ROTHROCK, J.—I. Edward Bournes purchased the premises in controversy not only subject to the mortgage, but he

1. DOWER; purchase money: assumption of mortgage.

assumed to pay it. He thus made the mortgage his own. The defendant as his widow is not entitled to a distributive share in the property because it was sold on execution during the life of the hus-

band.   Code, § 2440.   Such sale would have barred the right of defendant of her dower or distributive share if her husband had been the owner of the property, and executed the mortgage thereon alone.   The provision of the statute above cited applies with more force where, as in this case, the defendant's husband purchased the property subject to the mortgage, and assumed its payment as part of the purchase money.

It appears from the evidence that Edward Bournes took possession of the property, and with his family commenced to occupy the same as a home, about June 1, 1876.

2. HOMESTEAD: commencement of occupancy; pending of foreclosure.

The action to foreclose the mortgage for the two notes held by Matthews was commenced before that time.   The service of the original notice was accepted by Bournes on the 2d day of May, 1876, and judgment and decree were rendered on the 22d day of that month. It is claimed that the defendant should have been made a party to that action, and that because she was not a party her homestead right in the premises was not extinguished.   It is not urged that the mortgage was not a lien upon the property in controversy, but it is claimed that if the defendant had been made a party it would have been her right to insist that the other property should be exhausted before resorting to her homestead, and that such right not having been adjudicated she may now assert the same.   But the action to foreclose was commenced and pending before the defendant and her husband took possession of the property.   Under these circumstances she could have asserted no right of homestead as against the mortgage.   When she took possession, she was charged with notice of the pendency of the action, and she could not afterward acquire a homestead right to the prejudice of the mortgagee.

After the close of the opening argument in the court below, defendant offered to introduce further evidence to show that the occupancy of the property by defendant commenced prior to the commencement of the Matthews foreclosure case.   The

3. PRACTICE: introduction of evidence: discretion of court.

court refused to allow the offered evidence to be introduced. This was a matter within the discretion of the court, which can only be disturbed upon a clear showing that there was an abuse of the discretionary power confided in the court. No such showing has been made. Indeed it does not appear from the record what evidence was offered. If it had been allowed to be introduced we are unable to say what its effect should have been, simply because we are not advised as to what it was. If, however, it had been found that possession had been taken before the action for the foreclosure was commenced, we cannot see how the defendant could now be allowed to claim that she should have the right to require that the other property should be exhausted before resorting to her alleged homestead. The rule requiring such a disposition of mortgaged property has been held to have no application to a third party who purchases the property after the execution of the mortgage. *Barker v. Rollins*, 30 Iowa, 412.

II. Having determined that the defendant was not entitled to homestead nor dower rights in the property, we are next **4. MORTGAGE:** to determine what right she acquired by her pur-**foreclosure in** **part: holder** chase of the note for $250 from Dobbins, the **of notes not** **due.** mortgagee. It will be seen from the foregoing statement of facts that she purchased the note after the foreclosure sale, and about the time that the year for redemption expired. Dobbins, the mortgagee, was not made a party to the foreclosure; he was the holder of the note and of the lien of the mortgage to secure its payment. By the purchase of the note the defendant acquired his right to the lien of the mortgage. The lien for the amount of the said note was junior and inferior to the lien under the Matthews foreclosure, because this was the last note to mature. The defendant, then, is a mere junior lien holder, with the right to foreclose subject to the prior lien. But she cannot foreclose in this action; her claim to foreclose is the assertion of a cause of action or counter-claim, and this is not permissible in an action for the recovery of real property. Code, § 3245.

Being a mere junior lien-holder she is not invested with the right to the possession of the premises. If she should assert her lien by proceedings in foreclosure, it will be the right of the plaintiff to redeem from her junior lien, and this is the measure of her rights as assignee of the note and the mortgage lien. If the plaintiff elects not to redeem, then the foreclosure must proceed subject to the senior lien of the plaintiff.

AFFIRMED.