CITIZEN'S SAVINGS BANK OF OLIN, Appellee, v. DON L. GLICK, ET AL., Appellants.

**Fraudulent conveyances between husband and wife.** Where a debtor has no property as a basis of credit other than certain lands standing of record in his name and with the knowledge of his wife he acquires credit on the strength thereof, an unrecorded conveyance to the wife, which is secretly held by her at the time the indebtedness arose, will be set aside at the suit of the creditor, except as to that part to which a homestead right has attached.

**Homestead: FORFEITURES.** Neither the fact that a mortgagor may have testified falsely in assisting the mortgagee to establish the lien of his mortgage as against an attaching creditor, nor failure of the mortgagor to demand that the mortgagee be first required to exhaust the non-exempt property, will operate as a

forfeiture of homestead rights, or warrant a decree requiring that the homestead be first applied to the satisfaction of the mortgage; since a homestead once vested cannot be forfeited except through abandonment or relinquishment.

*Appeal from Jones District Court.*— HON. W. G. THOMPSON, Judge.

FRIDAY, May 17, 1907.

ACTION originally brought at law against the defendant Don L. Glick, to recover judgment on promissory notes. The action was aided by attachment; and, by direction of plaintiff, four separately described tracts of land — one of forty acres, one of nineteen acres, one of one acre, and one of an undivided one-half of fifteen acres — were levied upon. At the time of such levy the legal title to each of said tracts of land stood in the name of Nettie S. Glick, wife of defendant. The defendant did not appear to the action, and on May 16, 1905, a default judgment was entered against him for the amount claimed in the petition. It does not appear that the judgment entry contained any order in respect of the attached property. Mrs. Glick was not made a party defendant, but on May 20, 1905, she appeared in the action and filed a petition of intervention as against plaintiff, in which she made claim to all the attached property as belonging to her individually, that the same had been given to her by her parents at the time of her marriage, and that, although the legal title thereto had been at one time in her husband, yet as matter of fact he had never been possessed of any interest therein. She also pleaded in general terms a homestead right.

Plaintiff appeared to this petition, and answered, asserting ownership in the property in the defendant at the time the debt merged into the judgment against him was contracted, and charging fraud and want of consideration in the conveyance to intervener. The prayer was that the lien of the judgment against defendant be established, for a spe-

cial execution, etc.  On the same day S. W. Cole appeared in
the action and intervened as against plaintiff, setting up an
interest in the attached property in virtue of two mortgages
held by him — one dated March 1, 1903, executed by defend-
ant and his wife, and purporting to secure payment of a
debt of $1,000; the other dated January 20, 1905, executed
by Nettie S. Glick alone, and purporting.to secure payment
of a debt of $2,600.  The prayer of his petition was simply
that such mortgages be decreed to be liens on the property su-
perior to plaintiff's attachment.  This petition was also
answered by plaintiff; the contention made being that the
mortgages were fraudulent and without consideration.
Notices of the petitions of intervention were not served upon
the defendant as far as appears from the record, and he made
no appearance to such petitions; nor was notice of the inter-
vention of Cole served upon Mrs. Glick, and she made no ap-
pearance thereto.  Trial was had upon both interventions
at one time and in equity.  In the decree entered the court
found that as to plaintiff the conveyance of the attached prop-
erty was fraudulent and void, that the mortgage for $1,000
held by intervener Cole was a valid lien on the property, but
that the mortgage for $2,600. was fraudulent and void.  It
was further found " that the defendant Don L. Glick and
Nettie S. Glick are entitled to the exemption of a homestead
out of the premises, to be selected by them."  This then fol-
lows:

The court further finds that said Don L. Glick and Net-
tie S. Glick, through aiding and assisting in having the
mortgage claims of Cole established as a lien upon said prem-
ises, and having failed to ask that the said Cole be required
to first exhaust the premises described in his said mortgage
other than the homestead, it is therefore ordered, adjudged,
and decreed by the court that the premises first herein de-
scribed are subject to the plaintiff's judgment, except a home-
stead to be selected by the defendants not exceeding forty
(40) acres, and that the mortgage of Don L. Glick and Net-
tie S. Glick to S. W. Cole of January 20, 1905, is fraudulent

and void, and that the mortgage of Don L. Glick and Nettie
S. Glick of March 1, 1903, is a valid lien, but S. W. Cole,
intervener, is ordered, adjudged, and decreed to first ex-
haust that part of the premises which may be selected by the
defendants not exceeding forty (40) acres as a homestead
before resorting to the other premises first above described.

From the decree so entered the interveners appeal.—
*Reversed* and *remanded.*

*Wright, Leach & Wright* and *Park Chamberlain* for
appellants.

*Jamison & Smyth,* for appellee.

Bishop, J.— It appears that the forty-acre tract, the
nineteen-acre tract, and the one-acre tract lie contiguous to
each other, and form one body of sixty acres of land.   The
fifteen-acre tract, an undivided one-half of which is in ques-
tion, lies three miles distant, and is woodland.   Defendant
and his wife were married some fifteen years ago, and soon
thereafter the intervener, Cole, father of Mrs. Glick, con-
veyed the sixty acres to defendant, subject, however, to a
mortgage of $1,000.   The deed was at once placed on record,
and defendant and his wife entered into possession of the
premises, and have ever since resided thereon, as a home
place.   It is contended for appellants that the conveyance
of the equity in the land was intended as a gift to Mrs. Glick,
and this was probably so.   Later on Cole bought up the
mortgage and canceled the same upon the execution in March,
1903, of the mortgage described and counted on in his pe-
tition of intervention.   The woodland was purchased about
twelve years ago, and the title taken in the name of defend-
ant.   Mrs. Glick declares that the tract was purchased and
paid for by her, and that she does not know how the title came
to be so taken.   In February, 1902, the defendant executed
a deed of all the property in question to his wife.   At the
time of the execution the deed was not acknowledged, nor

until in December, 1903. According to Mrs. Glick, it was not until late in the year 1904 or early in the year 1905, when the deed was made a matter of record; that in the meantime it had been lying among other papers in the house. It appears without dispute that the indebtedness of defendant to plaintiff represented by the judgment accrued in its entirety between the dates of the execution of the deed from defendant to his wife and of the recording of such deed.

We are in no doubt as to the correctness of the decree to the extent that thereby the conveyance from defendant to his wife was found to have been conceived in fraud. At the

1. FRAUDULENT
CONVEYANCES
AS BETWEEN
HUSBAND AND
WIFE.

time such conveyance was executed defendant had or was about to embark in a line of business apart from the operation of the farm, and in which credit was at least desirable.

Aside from the lands standing in his name, he had no other property of any moment, and plaintiff extended credit to him in ignorance of the deed to his wife, or that she had rights of ownership in the lands. And it must be said that Mrs. Glick had knowledge that her husband was doing business with plaintiff bank, and that the lands were a source of credit on faith of the ownership of which loans were being obtained by him. That a conveyance made under such circumstances will be set aside in equity at the instance of a creditor who but therefor would have a right at law to resort to the property for the satisfaction of his debt is well-settled doctrine. *Courtright v. Courtright,* 53 Iowa, 57; *Patterson v. Hill,* 61 Iowa, 536; *Porter v. Goble,* 88 Iowa 565; *Iseminger v. Criswell,* 98 Iowa, 382. But the rights of creditors at law or in equity extends no further than to the property lying outside the limits of the homestead when platted. As a general creditor can have no right in property to which a homestead right has previously attached, the owner is free to make any disposition that he pleases. *Dettmer v. Behrens,* 106 Iowa, 585; *Mitchell v. West* (Iowa), 93 N. W. 380. And it can

make no difference that a plat of the homestead had not been made and recorded at the time conveyance thereof was made. *Mitchell v. West, supra.*

Now, here the intervener made claim of a homestead right in herself and the defendant, her husband, and the provision of the decree declaring for the existence of such right was in all respects warranted by the evidence. If, then, consideration was confined to the rights of plaintiff and Mrs. Glick, it is plain that the decree rightly provided in favor of the latter for the selection of a homestead, and awarding execution in favor of the former as against the lands left over after such selection.

The trouble in the case arises out of the remaining provisions of the decree. The purpose of the intervention on the part of Cole is not quite clear. Had he remained away, neither the action of plaintiff, nor anything that might have been done thereunder, could have affected his mortgage interests. It will be remembered that his prayer was simply for a decree adjudging the lien of his mortgages to be superior to that acquired by plaintiff under its attachment. He needed no such decree. His mortgages were prior in time of execution and record. The law fixed his status, and he was secure as against everything except a direct assault upon the bona fides of his holdings. In this situation his intervention amounted to nothing more than an invitation to plaintiff to join in an issue respecting bona fides. Plaintiff might well have moved to strike, but it chose to join issue, and it does not complain of the result. We think Cole is in no position to complain. He selected the proceedings in which to exhibit his mortgages, and to try out the question of priorities. The court found that the $1,000 mortgage was valid, and decreed the establishment of the lien thereof as prior to the attachment, and it found the $2,600 mortgage to be fraudulent and void. It may be added in this connection that the decree as entered did not award an execution or otherwise make provision for a sale of the property, in whole or in part.

Conceding, then, that the court was in error in supposing the case to be one for the marshaling of assets, and in ordering that Cole should first exhaust the portion of the property selected as a homestead, still he could not be prejudiced thereby. The existence of his lien, and the priority thereof, was not disturbed in the least. At best, the provision of the decree could have effect only to direct the order of sale in case he should ever conclude to proceed to a foreclosure.

Considering now the $2,600 mortgage, it is to be said that on the facts as presented by the record a finding that the same was fraudulent was fully warranted. The execution thereof was by Mrs. Glick alone. It was wholly voluntary, without knowledge on the part of Cole, and without sufficient consideration. Quite different, however, is the situation respecting the scope and effect of the decree when considered from the view point of Mrs. Glick. Aside from her claim of ownership — respecting which enough has already been said — the issue tendered by her was that of a homestead as exempted by statute. Her petition did not even make mention of the mortgages executed to and held by Cole. And as related to the claim of homestead, plaintiff's answer to her petition was no more than a general denial. She was not made a party to the intervention by Cole, and, respecting the matters there in issue neither Cole nor plaintiff made demand for any relief as against her. In this state of the pleadings it does not seem that there could be justification for a determination of more than the simple fact question of her right to a homestead. Certainly there was no call to determine any rights of Cole against her, for he was asserting none. Nor was plaintiff asserting any rights or demanding any relief as against her in respect of the Cole mortgages. But, as will be observed, in the decree the defendant and his wife are charged with having aided and assisted Cole in having his mortgage liens established. So, too, it is recited that they failed to ask that Cole be required to first exhaust the property outside of the

2. HOMESTEAD:
   forfeitures.

homestead. And it would seem from the reading that the requirement of the decree respecting the homestead was predicated on the facts as so found.

Forgetting for the moment that the finding was not called out by any issue in the case, it remains to be said that there is no basis either in the fact situation or in law on which the decree can be sustained. To begin with, Don L. Glick was a stranger to the intervention proceedings. His homestead rights could not, therefore, be affected by any order embodied in the decree. What is the meaning or significance of the finding to the effect that the Glicks had aided and assisted Cole in having his mortgage liens established is beyond our comprehension. It is true that both Mr. Glick and Mrs. Glick were witnesses on the trial. Both testified in respect of the $1,000 mortgage, and, as we have seen, the decree sustains that mortgage. Mrs. Glick testified to her execution of the $2,600 mortgage, and that the same was in good faith and based on consideration, while Mr. Glick testified that he knew nothing about the existence of such mortgage. Hazarding a conjecture, it is possible the thought of the finding was that in giving her testimony Mrs. Glick had sworn falsely, in consequence whereof she had forfeited her right to have the lands outside the homestead first exhausted in satisfaction of the mortgage debt. If such was the thought, the finding has the merit of extreme novelty, in that it is opposed to all reason and contrary to all authority. If such was not the thought, we can go no farther. We are at the limit of our conjectural resources. It seems hardly necessary, but we may add that, whatever the thought of the finding, a right of homestead once vested cannot be forfeited by any misconduct. It continues until lost through abandonment or is parted with by voluntary relinquishment.

But a few words will be necessary to dispose of the remaining branch of the finding under consideration. As matters stood, neither Glick nor his wife were under any duty or necessity of asking that Cole be required to resort first to the

non-homestead property included in his mortgage. It would be in good time for them to assert their homestead rights, when confronted with a direct attempt to deprive them of such rights, as when notified by the sheriff of his purpose to sell under execution. As we have seen, there was no issue between Cole and the Glicks, and Cole was the only person who had any rights in the homestead estate. Until such time as he chose to assert his right as against the Glicks, there was no call on them to make demand respecting the order in which the mortgaged property should be sold. But, if this were not true, it is impossible to conceive how a failure to claim a right as against Cole could operate to confer a right upon plaintiff that otherwise it did not have, and could not obtain.

Upon the situation as a whole, we conclude that plaintiff's attachment was not only subject to the lien of the $1,000 mortgage held by Cole, but to all homestead rights of the Glicks, including the right to have the non-homestead property first subjected to the payment of the mortgage debt.

The decree of the district court is reversed. and the case is ordered remanded for a decree in harmony with this opinion.— *Reversed.*