BANKERS' LIFE ASSOCIATION v. T. E. ENGELSON ET AL.,
and N. C. NELSON, JOEL BOLEY, Appellants, v. T.
E. ENGELSON ET AL., CLAUDE E. WILSON, and. E.
M. LASELL.

**Mortgages:** HOMESTEAD: FORECLOSURE AND SALE.  Where the home-
1  stead and other property is included in the same mortgage, the
mortgagor on foreclosure may insist on a sale of the other prop-
erty before resort is had to the homestead.

**Same:** SALE OF HOMESTEAD.  Where a senior mortgage includes a
2  homestead and other property, and a junior mortgage covers the
. other property only, the junior mortgagee can not compel the
senior mortgagee to resort first to a sale of the homestead for
the satisfaction of his mortgage; so that a decree foreclosing
the mortgages which directed that the homestead should not
be sold except for a deficiency remaining after subjecting the
other property to the payment of the senior mortgage was proper.

**Same.**  Under such circumstances the junior mortgagee, as between
3  himself and the mortgagor, is a mere creditor as to the home-
stead, and the mortgagor can convey the homestead free from
any claim under the junior mortgage, and the purchaser will
hold it free from liability, except such as it was subject to in
the hands of the mortgagor.

**Same:** HOMESTEAD: LIABILITIES OF PURCHASER.  A decree foreclosing
4  both mortgages under such circumstances and providing for the
apportionment of the proceeds between the mortgagees, which
directs that the homestead shall not be sold except for a defi-
ciency remaining upon the senior mortgage after a sale of the
property other than the homestead, fixes the liability of the sev-
eral tracts, and a subsequent purchaser of the homestead may
rely upon such decree as fixing the obligation which he assumed
in purchasing the homestead subject to the mortgages.

*Appeal from Winnebago District Court.*—HON. J. J.
CLARK, Judge.

THURSDAY, JUNE 16, 1910.

THE first of these cases as originally instituted was an action to foreclose a mortgage on two hundred and eighty acres of land described as three tracts, one of one hundred and sixty acres, another of eighty acres, and a third of forty acres. In this action there was a cross-petition asking a foreclosure of a second mortgage on the same land. The second action was to foreclose a mortgage covering the one hundred and sixty-acre tract and the eighty-acre tract. It being made to appear to the court that the forty-acre tract was the homestead of Betsy Engelson, wife of the principal defendant, who had joined in the execution of the mortgages, the two cases were consolidated in order that the proceeds of the sale of land might be properly apportioned among the respective lienholders, and a decree was entered providing for such apportionment and directing that the homestead be not sold save for any deficiency after subjecting the other property to the payment of liens existing against such other property, which also covered the homestead. This decree provided for special execution, and such execution was issued on March 3, 1909. Before a return of this execution, Betsy Engelson, in whom was then the legal title as well as the homestead right in the forty-acre tract, conveyed the same by warranty deed to Lasell subject to the mortgages which had been liens thereon; whereupon Nelson, Wilson, and Boley, who held liens by foreclosure on the other two tracts subordinate to the mortgage liens on the three tracts, filed a supplemental petition asking that the decree be so modified that the forty-acre tract which had formerly been Betsy Engelson's homestead be subjected first to the satisfaction of the mortgages covering the three tracts, and that the two tracts on which the petitioners had liens subordinate to the liens of the mortgages on the three tracts be subjected to the payment of such prior mortgages only to the extent necessary to satisfy such mortgages after the forty-acre tract had been fully

applied to their satisfaction. Lasell, the grantee from Mrs. Engelson of the forty-acre tract, demurred to this supplemental petition, and his demurrer was sustained, whereupon the supplemental petitioners appealed. *Affirmed.*

*C. H. Tenney, T. A. Kingland,* and *Oliver Gorden,* for appellants N. C. Nelson, Claud Wilson, and Joel Boley.

*H. A. Brown,* for appellees.

McClain, J.—From the foregoing statement, which recites only such facts as are deemed essential to an understanding of the question of law raised on this appeal, it is apparent that appellants, holding liens under foreclosure on two of the three tracts, such liens being subordinate to other liens under foreclosure on the three tracts, are seeking to take advantage of the conveyance by Mrs. Engelson to Lasell of the homestead tract by having the burden of the two prior liens thrown primarily on that tract in order that the surplus in the proceeds from the other two tracts may be saved to them; their theory being that by the sale of the forty-acre tract Mrs. Engelson lost her homestead right therein, and that the tract thereupon became equally liable with the other two tracts to the satisfaction of the senior liens, and that for the protection of appellants' junior liens which were upon the two tracts only the forty-acre tract should be first applied to the satisfaction of the superior liens.

It is practically conceded by counsel for appellees that if the forty-acre tract had not been the homestead of Mrs. Engelson at the time the original decree was entered, that decree should have provided for the subjection of the property to the various liens in the method now contended for by appellants; that is, the forty-acre tract should have been subjected first to the satisfaction of the superior liens

in order that so much as possible of the proceeds of the sale of the other two tracts might be saved for the satisfaction of the liens of appellants on those two tracts. But the contention for appellees is that, in view of the existence of the homestead right in the forty-acre tract at the time the original decree was entered, such decree was proper under the provisions of Code, section 2976, that the homestead be subjected to the payment of mortgage liens thereon only to the extent of the deficiency remaining after subjecting to the payment of such liens all other property covered by such mortgages, and that a conveyance of the homestead forty to Lasell after the rendition of the decree and the issuance of the special execution thereunder, even though it amounted to an abandonment of her homestead right in said forty by Mrs. Engelson, did not entitle the appellants to a modification of the decree.

No authorities have been presented by counsel on either side directly involving the question now submitted. Counsel for appellants rely upon the cases of *Barker v. Rollins,* 30 Iowa, 412; *Kemerer v. Bournes,* 53 Iowa, 172, and *Dilger v. Palmer,* 60 Iowa, 117, as by implication sustaining their position. But an examination of these cases will show that they fall far short of sustaining the position contended for. In *Barker v. Rollins,* the sole question seems to have been whether Coggeshall, who purchased the mortgaged premises, was entitled by virtue of his homestead right in a portion thereof on cross-petition to have the mortgagee required to resort to other property of the mortgagor not exempt from execution before resorting to the homestead in satisfaction of his mortgage, and it is to be noticed in passing that Coggeshall claimed a homestead right in the entire mortgaged premises. The court held that Coggeshall's homestead right could not be set up as a basis for requiring the mortgagee to resort to other property of the mortgagor before subjecting the mortgaged property in which Coggeshall's homestead was

claimed. It is to be noticed that Coggeshall was not claiming any right as the grantee of the homestead of Rollins, much less was he claiming that he had acquired the homestead right of Rollins after the rendition of a decree in which it had been specially provided that such homestead should be subjected to the payment of the mortgage indebtedness only after other property of Rollins had been subjected to its satisfaction. We can not see that the situation of Coggeshall in that case and of Lasell in the case before us are in any way analogous. In *Kemerer v. Bournes* it was held that a purchaser of mortgaged premises from the mortgagor who assumed payment of the mortgage does not by making the purchased premises his homestead pending proceedings for the foreclosure of the mortgage, acquire any such homestead interest as against the mortgage as to make it necessary that his wife shall be made a party to the foreclosure proceeding in order to cut off her homestead right. This case is so clearly without bearing on the present controversy that comment thereon is unnecessary. In *Dilger v. Palmer* it was held that where the mortgagor before foreclosure conveys to another that portion of the mortgaged property not included within his homestead he can not insist that the portion of the property thus conveyed be first subjected in the hands of the purchaser to the payment of the mortgage indebtedness. This case plainly has no application to the question now under discussion.

Before these appellants acquired their mortgage liens on the two tracts, the mortgagor holding the forty-acre tract as a homestead was entitled to insist that on foreclosure of the two existing mortgages each covering the homestead tract with the other property, such other property be first exhausted before resorting to the homestead tract. Under this situation the appellants were not entitled to insist that for their protection the burden of the two prior mortgages be first thrown upon the homestead.

*Equitable Life Ins. Co. v. Gleason,* 62 Iowa, 277; *Bissell v. Bissell,* 120 Iowa, 127. A mortgagor may convey a homestead to a mortgagee who has a lien on both the homestead and other property without giving to a junior lienholder on such other property the right to have the senior mortgage first satisfied out of the homestead. *Linscott v. Lamart,* 46 Iowa, 312.

As between these appellants and Mrs. Engelson, the appellants were creditors only so far as the homestead tract was concerned, and she might convey the homestead free from any claims of such creditors. *Richards v. Orr,* 118 Iowa, 724; *Citizens' Sav. Bk. v. Glick,* 134 Iowa, 323; *Lutz v. Ristine,* 136 Iowa, 684. We are unable to see, therefore, how appellants can have any better right by reason of the conveyance of the homestead by Mrs. Engelson to Lasell to require the satisfaction of the prior mortgages first out of the homestead than they would have had while the homestead belonged to Mrs. Engelson. In one sense the homestead right is personal, and of course Mrs. Engelson could not transfer her homestead right to Lasell. But we think she could transfer the homestead forty as to which appellants had no claim whatever to Lasell without subjecting it in his hands to any greater liability than that to which it was subjected in her own hands.

There is another consideration in support of our conclusion which seems to us quite controlling. Before the conveyance of the homestead forty by Mrs. Engelson to Lasell, the measure of liability of that tract had been fixed by the decree of which appellants made no complaint. We think it would be most inequitable to subject that forty in the hands of Lasell holding under the conveyance from Mrs. Engelson to a greater charge than that imposed upon it by the decree. That decree fixed the liability of the different tracts, and we think Lasell had a right to rely upon it as the measure of the obligation which he assumed in purchasing it subject to the mortgages standing against

it which had already been foreclosed and established by the decree. We need not now determine what the effect of the abandonment of the homestead by Mrs. Engelson after the decree and before the sale would have been, nor whether these appellants in such an event would have been entitled to a modification of the decree. So long as the forty-acre tract remained her homestead, she held it subject to no other liability than that fixed by the decree, and subject to this liability only she was entitled to convey it to Lasell without creating any rights in favor of appellants which they did not already have.

We are satisfied with the decree of the trial court, and it is *affirmed.*