Larry BROWN and Darlene Beyerink, Executors of the Estate of Clarence Brown, Deceased; and Larry Brown and Darlene Beyerink and Leona Brown, Individually and as Devisees and Sole Beneficiaries Under the Last Will and Testament of Clarence Brown, Appellees,

v.

Mary VONNAHME, Administrator of the Estate of Barbara Trecker, Deceased, Appellant,

Dennis Trecker; Ted A. Langel; Clara J. Langel; Agristor Credit Corporation; and Prudential Insurance Company of America, Defendants.

No. 69439.

Supreme Court of Iowa.

Jan. 18, 1984.

Gary L. McMinimee of Wunschel, Eich & McMinimee, P.C., Carroll, for appellant.

Thomas L. McCullough of McCullough Law Firm, P.C., Sac City, and David E. Green of Green & Siemann, Carroll, for appellees.

Considered by McGIVERIN, P.J., and LARSON, SCHULTZ, CARTER and WOLLE, JJ.

McGIVERIN, Presiding Justice.

Defendant administrator of the estate of Barbara Trecker, deceased, appeals, and plaintiffs cross appeal, from a ruling of the district court that impressed a judgment lien for plaintiffs upon an undivided one-half interest in an improved forty acre tract of land located in Carroll County which Barbara and Dennis Trecker formerly occupied as their homestead. The court's ruling was based impliedly on a finding that Barbara and Dennis Trecker fraudulently obtained a dissolution of their marriage for the purpose of putting their property beyond the reach of Barbara's judgment creditors. We conclude, on de novo review of this equity case, that plaintiffs, as judgment creditors, are not entitled to a judgment lien on, or any other interest in, the forty acre homestead. This result is based in part on the well settled law of Iowa that a judgment lien does not attach to property used and occupied as a homestead. Furthermore, we conclude that even if improper motives existed in the

dissolution case, there could be no fraud on judgment creditors as to the homestead property because the creditors never were entitled to any interest in such property. Therefore, we reverse the district court ruling.

The forty acres involved in this dispute, along with an additional forty acre tract, were deeded to Barbara and Dennis Trecker, as joint tenants with right of survivorship, in 1968. Barbara and Dennis, as husband and wife, and their children then established their home on this property.

In 1976, Clarence Brown died as a result of an auto-pedestrian accident in which he was struck by a car driven by Michael Trecker and owned by his mother, Barbara Trecker. Neither Michael nor Barbara had any liability insurance on the auto.

In 1977, the plaintiffs in this ˏcase, as executors and devisees of Brown, brought a wrongful death action against Barbara and Michael Trecker. Barbara's husband, Dennis, was not made a party to that action. Judgment was entered against Barbara and Michael, on May 12, 1978, in the sum of $106,222.68 plus interest at the rate of seven percent from May 12, 1978, and also for punitive damages against Michael in the sum of $25,000.00 plus interest at the rate of seven percent from May 12, 1978, for damages caused by the wrongful death of Clarence Brown. No judgment was sought or entered against Dennis Trecker. This judgment was properly indexed and recorded by the Carroll County Clerk of Court.

At the time judgment was entered, the Treckers' eighty acres were encumbered by a first mortgage held by Prudential Life Insurance Company of America in the principal sum of $18,000 and a second mortgage held by Agristor Credit Corporation in the principal sum of approximately $12,000. In addition, Ted and Clara Langel purportedly held an option to purchase the eighty acres for $650 per acre. This alleged option was subsequently found by this court to be a preemption agreement that was invalid because it placed an unrea-

sonable restraint on alienation. See *Trecker v. Langel*, 298 N.W.2d 289 (Iowa 1980).

Following the entry of the wrongful death judgment, the parties' attorneys entered into negotiations attempting to settle the judgment. A series of letters were exchanged, but a written negotiated settlement document was never signed. Plaintiffs did not pursue execution and levy on the eighty acres in their efforts to collect their wrongful death judgment. They were aware of the two mortgages and the litigation attempting to determine the validity of the Langel "option to purchase."

On December 20, 1979, Barbara Trecker amended a separate maintenance action she had filed on February 8, 1977, and sought a dissolution of her marriage with Dennis Trecker. The judgment arising out of the wrongful death action was not set forth by either party in financial affidavits, nor did either party inform the court of the existence of this judgment during the course of the proceedings. After trial, the court on January 7, 1980, entered a decree dissolving the Trecker marriage. Barbara was awarded custody of their minor children. The decree also provided for a property division in which Barbara received the forty acre homestead tract subject to the Prudential and Agristor mortgages and Dennis received the unimproved forty acres "free and clear of any liens." None of the Treckers' creditors were before the court during the dissolution proceedings.

Plaintiffs, thereafter, filed this action in equity, pursuant to Iowa Code sections 630.16–.19 (1977), asserting a judgment lien on the entire eighty acres notwithstanding the dissolution decree's property division. Plaintiffs alleged that the dissolution of the Trecker marriage was pursued by the Treckers with fraudulent intent to place their property beyond the reach of their creditors and that Barbara's estate is estopped from claiming that the plaintiffs do not have an enforceable judgment lien on the entire eighty acres based on the doctrines of promissory and equitable estoppel.

On August 17, 1980, Barbara Trecker died intestate before trial of the present case. Plaintiffs substituted the administrator of Barbara's estate as a party in her place. Iowa Code § 611.22 (1981).

After trial, the trial court held on October 25, 1982, that a judgment lien does not attach to a joint tenant's interest in property until a severance has occurred; that an agreement had never been reached between the parties for settlement of plaintiffs' wrongful death judgment and that the theory of promissory estoppel had not been established; and held by implication that the concealment of the outstanding wrongful death judgment from the dissolution court was fraudulent, therefore entitling the plaintiffs to a lien against one-half of the forty acre tract then "owned by the estate of Barbara Trecker" and a lien against one-half of the forty acre tract then owned by Dennis Trecker.

Barbara's estate appealed and plaintiffs cross appealed. Dennis Trecker, Prudential, Agristor, and the Langels are not now parties to this appeal. Therefore, this appeal is concerned only with the rights of the parties now before us in the forty acre homestead.

█ I. *Plaintiffs' cross appeal.* Plaintiffs' cross appeal is moot. They contend that an agreement to settle the wrongful death judgment against Barbara had been entered into by the Treckers and themselves prior to the dissolution of the Trecker marriage. The terms of this alleged settlement supposedly gave plaintiffs the "equity" in the non-homestead forty acres that remained after paying off the Prudential and Agristor mortgages. However, this cross appeal is no longer a justiciable controversy in view of an agreement entered into during the course of this appeal between plaintiffs and Dennis Trecker concerning their respective rights in the equity of the non-homestead forty acres that were awarded to Dennis by the dissolution decree. The agreement between plaintiffs and Dennis was brought to our attention by appellee's counsel in oral argument. The non-homestead forty acres is, accordingly, no longer an issue in the case. We, therefore, dismiss plaintiffs' cross-appeal as moot based on its failure to present a justiciable controversy. In view of this disposition, it is unnecessary to rule on a motion by the administrator of Barbara's estate to dismiss plaintiffs' cross-appeal.

II. *Attachment of judgment lien.* An important issue necessary for the determination of the parties' respective rights and interests in the forty acre homestead involves the question of when, if ever, a judgment lien attaches to a judgment debtor's interest in real property used and occupied as a homestead and held in joint tenancy with right of survivorship.

Relying upon *Eastern Shore Building & Loan Corp. v. Bank of Somerset,* 253 Md. 525, 253 A.2d 367 (1969), the trial court held that a judgment lien does not attach to a judgment debtor's joint tenancy interest in real property until such interest has been severed and a tenancy in common arises. We need not look beyond the law of this state, however, for authority to answer this question.

█ It is well established that a judgment lien is a legal right based upon statutory authority:

Judgments are not, of themselves, liens upon property. A lien predicated upon the rendition or entry of judgment did not exist at common law. It arose from the right, granted by statutes enacted in early times, to take out an elegit or to subject the property to seizure and sale upon execution. Consequently, *such liens are creatures of statutory provisions,* owe their life and force entirely to legislation, and do not exist except by its authority.

46 Am.Jur.2d *Judgments* § 238 (1969) (emphasis added). *See also* 49 C.J.S. *Judgments* § 454 (1947); 10A Thompson on Real Property § 5304 (1957).

Iowa law provides for judgment liens in Iowa Code section 624.23 (1977):

Judgments in the appellate or district courts of this state, or in the circuit or district court of the United States within

the state, *are liens upon the real estate owned by the defendant at the time of such rendition,* and also upon all he [or she] may subsequently acquire, for the period of ten years from the date of the judgment.

(Emphasis added.) Section 624.24 then specifically provides the time frame for the attachment of a judgment lien:

When the real estate lies in the county wherein the judgment of the district court of this state or of the circuit or district courts of the United States was entered in the judgment docket and lien index kept by the clerk of the court having jurisdiction, *the lien shall attach from the date of such entry of judgment,* but if in another it will not attach until an attested copy of the judgment is filed in the office of the clerk of the district court of the county in which the real estate lies.

(Emphasis added.) The Code clearly directs that a judgment lien will attach to the judgment debtor's real estate on the date such judgment is entered, provided the real estate lies in the county wherein the judgment was entered in the judgment docket and lien index. The Code further provides that the judgment lien will attach to all subsequently acquired real property.

■ The judgment lien is limited to the extent of the judgment debtor's interest in the real property.

The lien of a judgment attaches to the precise interest or estate which the judgment debtor has actually and effectively in the property, and only on such interest; the lien cannot be made effectual to bind or to convey any greater or other estate than the debtor himself, in the exercise of his rights, could voluntarily have transferred or alienated....

49 C.J.S. *Judgments* § 478(a) (1947). *See Richardson v. Estle,* 214 Iowa 1007, 1016, 243 N.W. 611, 615 (1932); *Johnson v.*

*Smith,* 210 Iowa 591, 595, 231 N.W. 470, 473 (1930).

This court, however, has long recognized an important exception to the rules in sections 624.23–.24 when homestead realty is involved.[1] In that situation, we have construed Iowa Code section 561.16 with sections 624.23–.24.

Beginning with *Lamb v. Shays,* 14 Iowa 567 (1863), this court has consistently held that a judgment lien does not attach to real property used and occupied as a homestead regardless of whether the homestead has been platted and recorded as such. The rationale behind this exception was stated in *Lamb* as follows:

Section 4105 of the Revision of 1860 [*accord* Iowa Code section 624.23], provides that judgments in the Supreme or District Courts of this State are liens upon the real estate owned by the defendant at the time of such rendition. Section 3247 provides the manner for enforcing a judgment, that is, by execution. A lien therefore that cannot be enforced by execution is inoperative and of no practical effect or benefit to the holder thereof. Section 2277 [*accord* section 561.16] provides that when there is no special [declaration] of the Statute to the contrary, the homestead of every head of a family is exempt from judicial sale. The law in relation to the homestead exemption is silent as to the effect of a judgment lien. The section in relation to the liens of judgments of the Supreme and District Court, and the one giving to the owner of the homestead the exemption, were passed by the Legislature at the same time, the one giving to the judgment creditor a lien on all lands of the defendant and the other denying him the right to enforce it so far as the homestead is concerned. The right of the judgment creditor to seize or to enforce his judgment by selling the lands of the debtor, exists only by force of the statute and is regulated altogether by its provisions.

---

1. Our analysis is based on the statutes and decisions in effect at the time the facts occurred in this case. We do not pass on the effect of 1982 Iowa Acts ch. 1002, effective January 1, 1983, which now appears as Iowa Code section 624.-23(2)–(3) (1983), because it was not in effect at times material to this case.

The lien of a judgment upon lands in this state being conferred by statute, it can only have such force as is given thereby, and it can only attach or become effective in the manner, at the time, and upon the conditions and limitations imposed by the statute itself. A lien without the power to enforce it carries with it no advantage to the owner thereof. It cannot be enforced as against the homestead, because it is exempt from judicial sale. It is inoperative, and cannot be otherwise, as long as the homestead is used as a home. Construing the two sections together, having been passed at the same time by the Legislature, we think that it could not have been designed that the lien should ever attach upon property that was declared exempt from judicial sale.

*Id.* at 569–70.

In *Mitchell v. West*, 93 N.W. 380 (Iowa 1903), this court for the first time explicitly held that the homestead exemption from judgment liens was not premised upon formal platting and recording of the homestead. We stated:

The fact that the homestead was not platted or otherwise specifically designated as such can make no difference in its character, because it was the *actual occupancy* thereof which created the homestead.... A judgment does not attach as a lien on the homestead while it is so occupied and used....

*Id.* at 381 (emphasis added). *See also American Savings Bank of Marengo v. Willenbrock*, 209 Iowa 250, 228 N.W. 295 (1929) (creditor not entitled to a judgment lien on debtor's homestead notwithstanding fact that homestead was not platted when judgment was entered); *Citizens' Savings Bank of Olin v. Glick*, 134 Iowa 323, 327–28, 111 N.W. 970, 972 (1907) (platting not necessary to prevent the attachment of a judgment lien to a homestead).

It is undisputed that at the time judgment was entered against Barbara Trecker on May 12, 1978, she and her then husband, Dennis Trecker, were actually occupying the forty acre tract at issue here as their home although it had not been platted as a homestead.

■ We conclude, therefore, that plaintiffs' wrongful death judgment did not attach as a lien at any time on Barbara's joint tenancy interest in the forty acre homestead even though it had not been platted and recorded as such.

III. *Trial court's decree.* Having determined as a matter of law that plaintiffs are not entitled to a judgment lien on the homestead, we now review de novo the trial court's decree. The trial court impressed a judgment lien on an undivided one-half interest in the forty acre homestead to remedy the alleged fraudulently conspired dissolution of marriage.

The trial court's decree was based impliedly on a finding that the Treckers proceeded with the dissolution of their marriage for the purpose and intention of committing a fraud on plaintiffs and other creditors. The court then impressed a judgment lien on the homestead relying on the authority of *In re Marriage of Tierney*, 263 N.W.2d 533, 535 (Iowa 1978). That case held that a dissolution court has the power to provide for the sale of the homestead to pay debts of the parties because Iowa Code section 598.21, providing for dispositional orders in dissolution proceedings, is a "special declaration of statute to the contrary" of the general homestead exemption found in section 561.16.

■ We reverse the trial court decree. Even if the Treckers intentionally misrepresented the extent of their debts in the dissolution proceeding the plaintiffs and other creditors were not adversely affected because they were never entitled to any interest in the homestead property. We held in division II that a judgment lien did not attach to the forty acre homestead at any time by force of statute. Thus, at the time the dissolution decree was entered, the plaintiffs did not have any interest in the forty acre homestead as a result of their wrongful death judgment.

■ As stated before, Barbara and Dennis held the eighty acres, including the forty acre homestead, in joint tenancy.

We have described the estate of joint tenancy as:

An estate held by two or more persons jointly with equal rights to share in its enjoyment during their lives and having as its distinguishing feature the right of survivorship.

*In re Estate of Winkler*, 232 Iowa 930, 933, 5 N.W.2d 153, 155 (1942). Thus, a joint tenant owns an undivided interest in the entire estate to which is attached the right of survivorship.

■ The dissolution court in dividing the property merely removed any interest Dennis had in the homestead property. This deletion of Dennis's interest in the homestead property could not be fraudulent because plaintiffs held no judgment against Dennis, and even if they did, it is well settled in Iowa that a homestead interest can be transferred free and clear of the grantor's debts. *Delashmut v. Trau*, 44 Iowa 613, 616 (1876) (a voluntary conveyance of the homestead by its owner, even when made with a fraudulent intent, vests the title absolutely in the grantee, and it does not become subject to the lien of a judgment previously obtained against the grantee); *Beyer v. Thoeming*, 81 Iowa 517, 519, 46 N.W. 1074, 1075 (1890) (husband could not defraud his creditors by conveying the homestead to his wife, nor to any other person, because creditors had no right to subject it to the payment of any debts contracted after the homestead right attached); *Mitchell v. West*, 93 N.W. at 381 (a conveyance of a homestead transfers a title free from liens against the grantor).

■ Furthermore, a dissolution decree does not affect the exemption of homestead property that is awarded to one of the parties. Iowa Code section 561.16 provides that the right to the homestead exemption "shall continue in favor of the party to whom it is adjudged by divorce decree during continued personal occupancy by such party."

■ Therefore, absent judicial sale, the homestead is shielded from the creditors of both parties when the dissolution decree awards such property to one of the parties. This result is in harmony with the stated public policy for the State of Iowa that the purpose of the homestead laws is "to provide a margin of safety to the family, not only for the benefit of the family, but for the public welfare and social benefit which accrues to the State by having families secure in their homes." *In re Marriage of Tierney*, 263 N.W.2d at 534.

Based on these reasons, we hold that plaintiffs cannot prevail on a claim that the dissolution of the Trecker marriage was fraudulently entered into for the purpose of defeating their interest in the homestead property because plaintiffs never acquired any interest in such homestead property and, therefore, they were not harmed by the dissolution court's property division. Accordingly, we reverse the decree of the trial court.

■ IV. *Indispensable parties.* We find merit in the contention of the administrator of Barbara's estate that the trial court's judgment was ineffective between the parties because of plaintiffs' failure to join the heirs of Barbara Trecker who were indispensable parties to this action. Iowa Code section 633.350 (1979) provides in substance that title to a decedent's property passes directly to the beneficiaries of heirs of the decedent. Therefore, when Barbara Trecker died intestate, her heirs, and not her estate, received the title to her fee simple interest in the improved forty acres. *See DeLong v. Scott*, 217 N.W.2d 635, 637 (Iowa 1974). We conclude that Barbara Trecker's heirs, as title holders of record in the improved forty acres, were indispensable parties within the meaning of Iowa R.Civ.P. 25(b). However, this is no longer a controlling question for this appeal in view of our disposition of the case.

Based on our findings that plaintiffs' wrongful death judgment did not attach as a lien to Barbara Trecker's interest in the Treckers' forty acre homestead and that no fraud was committed on plaintiffs as judg-

ment creditors with respect to the dissolution court's decree awarding the forty acre homestead to Barbara, we reverse the decree of the trial court.

REVERSED ON THE APPEAL; CROSS APPEAL DISMISSED.