COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF the IOWA STATE BAR ASSOCIATION, Complainant,

v.

Kent HUTCHESON, Respondent.

No. 91–337.

Supreme Court of Iowa.

June 19, 1991.

Norman G. Bastemeyer and Charles L. Harrington, Des Moines, for complainant.

George E. Wright of Napier, Wright & Wolf, Fort Madison, for respondent.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, SNELL, and ANDREASEN, JJ.

PER CURIAM.

The respondent attorney, Kent Hutcheson, became involved in a stormy personal relationship with a young woman. As a result of a series of disputes and altercations requiring police intervention, an assault charge was filed against the woman. At a preliminary hearing on that criminal charge, respondent Hutcheson allegedly gave false testimony in an attempt to help the woman avoid criminal penalties.

As another consequence of the domestic disharmony, the district court issued temporary restraining orders barring both Hutcheson and the woman from having any contact with each other. Hutcheson allegedly violated these court orders by continuing to have extensive contact with the woman.

The Committee on Professional Ethics and Conduct of the Iowa State Bar Association (the Committee) initiated this proceeding before the Grievance Commission, accusing Hutcheson of testifying falsely under oath and violating the court's temporary restraining orders. The Grievance Commission found merit in the Committee's allegations and recommended that Hutcheson's license to practice law in Iowa be suspended for at least one year.

I. In an attorney disciplinary proceeding, the Committee on Professional Ethics and Conduct bears the burden to prove by a convincing preponderance of the evidence that the attorney has violated the Code of Professional Responsibility as charged. *Committee on Professional Ethics & Conduct v. Clauss*, 445 N.W.2d 758 (Iowa 1989); *Committee on Professional Ethics & Conduct v. Nadler*, 445 N.W.2d 358 (Iowa 1989).

After reviewing the record in the present case, we find the Committee proved by a convincing preponderance of the evidence that Hutcheson testified falsely under oath and violated court orders. This conduct violated the following provisions of the Code of Professional Responsibility: EC 1–5 and DR 1–102(A)(1), DR 1–102(A)(4), DR 1–102(A)(5) and DR 1–102(A)(6).

II. We agree with the Grievance Commission's recommended discipline. We direct that respondent Kent Hutcheson's license to practice law in the courts of this state, as that term is defined in Iowa Supreme Court Rule 118.12, be suspended indefinitely with no possibility of reinstatement for one year from the date of this opinion. Prior to any reinstatement, Hutcheson shall present satisfactory evidence that he possesses the mental and emotional stability to practice law. *See* EC 1–6; *Committee on Professional Ethics & Conduct v. Tompkins*, 415 N.W.2d 620, 624 (Iowa 1987); *Committee on Professional Ethics & Conduct v. Vesole*, 400 N.W.2d 591, 593 (Iowa 1987). If Hutcheson does apply for reinstatement, the court may appoint an independent psychologist or psychiatrist to evaluate Hutcheson's condition.

We further order that the costs of this action be assessed against the respondent in accordance with Iowa Supreme Court Rule 118.22.

LICENSE SUSPENDED.