The COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF The IOWA STATE BAR ASSOCIATION, Complainant,

v.

Paul J. BOYSEN, Jr., Respondent.

No. 91–1311.

Supreme Court of Iowa.

Jan. 22, 1992.

Norman G. Bastemeyer and Charles L. Harrington, Des Moines, for complainant.

John D. Lloyd of Reynoldson, Van Werden, Kimes, Reynoldson & Lloyd, Osceola, for respondent.

Considered by McGIVERIN, C.J., and LARSON, SCHULTZ, SNELL, and ANDREASEN, JJ.

SNELL, Justice.

This matter is before us for review of the Grievance Commission's report recommending disciplinary action against respondent, Paul J. Boysen, Jr. We find that Boysen's management of two separate client trust accounts has violated several provisions of the Iowa Code of Professional Responsibility. Accordingly, we adopt the Commission's recommendation that Boysen be reprimanded.

Paul Boysen is licensed to practice law in the state of Iowa and was practicing law in Creston, Iowa, at the time of the misconduct. On February 5, 1988, Boysen made a payment of $3500 from his client trust account to a client, Jerald Hunter. At that time, there were no funds belonging to Hunter in the trust account on which to draw. Boysen made the payment assuming that he would soon receive this sum in settlement of a legal matter handled for Hunter. The settlement did not transpire. As a result, a negative balance was carried in the trust account for Jerald Hunter from February 5, 1988, until September 21, 1988, at which time Boysen's law firm made a $3500 deposit from its own funds.

The second incident of trust fund mismanagement occurred during the months of June and July 1990. At that time, Lucille Newbury retained Boysen to obtain a loan of $10,859.50. Although Boysen failed to obtain the loan, he behaved as though he had obtained it and entered a deposit of $10,859.50 in Newbury's client trust account. Boysen then proceeded to write checks to Newbury from that account totaling $7623.65. Since the true account balance for Newbury was only $514.30, this again resulted in a negative trust account balance until September 13, 1990, at which time his firm again made the necessary deposits to cover the checks he had written.

Boysen explains that the pressures of his law practice and overwork caused him to believe that he had obtained the loan for Newbury when he in fact had not done so. He further admits that he knew no deposit had been made when he wrote the check for $3500 to Hunter.

In order to address what he believes to be the cause of his inappropriate conduct, Boysen has obtained counseling and taken steps to reduce his caseload by one-half. Moreover, to prevent the conduct from being repeated, Boysen is no longer autho-

rized to sign trust account checks for his firm.

■ Based on the testimony made on his behalf before the Grievance Commission, it appears that Boysen has a good reputation in his community for honesty in the practice of law, is of good character and has contributed generously to community betterment. Also, there is no evidence that Boysen converted the funds involved to his own use or in any way benefited personally from these transactions.

In attorney disciplinary matters, this court reviews the record de novo. *Committee on Professional Ethics & Conduct v. Zimmerman*, 465 N.W.2d 288, 290 (Iowa 1991). The court gives the findings of the Grievance Commission respectful consideration, but is not bound by them. *Id.* The committee has the burden to prove by a convincing preponderance of the evidence that the respondent has violated the Code of Professional Responsibility as charged. *Committee on Professional Ethics & Conduct v. Hutcheson*, 471 N.W.2d 788, 789 (Iowa 1991).

Our review of the record leads us to conclude that Boysen is in violation of several provisions of the Iowa Code of Professional Responsibility. Boysen violated DR 9–102(A) by necessitating the deposit of firm funds into its trust account to cover his checks. DR 9–102(A) clearly states that "[n]o funds belonging to the lawyer or law firm shall be deposited in trust accounts except as follows [then citing two exceptions not relevant to the instant case]." A second and related violation arises from Boysen's failure to maintain accurate records for the trust account ledgers of Newbury and Hunter. DR 9–102(B)(3) requires an attorney to "[m]aintain complete records of all funds, securities, and other properties of a client coming into the possession of the lawyer and render appropriate accounts to the client regarding them."

Boysen also violated DR 1–102(A)(4), which states that a lawyer shall not "[e]ngage in conduct involving dishonesty, fraud, deceit, or misrepresentation." The entry of a deposit representation of $10,-859.50 on Newbury's trust account ledger with full knowledge that there had been no such deposit violated this section. This conduct constituted a misrepresentation to his firm of the true balances in the trust account for Newbury. "Our rules clearly establish that 'a lawyer should conduct himself in his professional capacity with honesty and truthfulness, and should avoid statements or actions that are calculated to deceive or mislead.'" *Committee on Professional Ethics & Conduct v. Steensland*, 376 N.W.2d 615, 618 (Iowa 1985) (citing *Committee on Professional Ethics & Conduct v. Hurd*, 325 N.W.2d 386, 390 (Iowa 1982)). Finally, we concur with the conclusions of the Grievance Commission that Boysen's actions detailed above constitute a violation of DR 1–102(A)(6), which proscribes any conduct "that adversely reflects on [one's] fitness to practice law."

■ We reaffirm that the pressure of a busy law practice is no excuse for Boysen's actions. "We have repeatedly held that we will not excuse ethical misconduct because of an attorney's ill health, emotional problems, personality disorders or the general stress of a busy law practice." *Committee on Professional Ethics & Conduct v. Hoffman*, 402 N.W.2d 449, 451 (Iowa 1987). Although we view the conduct of Boysen to be sufficiently egregious to warrant a license suspension, we are persuaded by the evidence that his acts were aberrational and no clients' interests were harmed thereby. Consequently, we accept the recommendation of the Grievance Commission and hereby formally reprimand Paul J. Boysen, Jr. for violations of the Iowa Code of Professional Responsibility for Lawyers. Costs are assessed to Boysen pursuant to Iowa Supreme Court Rule 118.22.

**ATTORNEY REPRIMANDED.**