**COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF THE IOWA STATE BAR ASSOCIATION, Complainant,**

v.

**Kent HUTCHESON, Respondent.**

No. 93–691.

Supreme Court of Iowa.

Aug. 25, 1993.

Norman G. Bastemeyer and Charles L. Harrington, Des Moines, for complainant.

Kent Hutcheson, Nauvoo, Illinois, pro se.

Considered by HARRIS, P.J., and SCHULTZ, NEUMAN, SNELL, and ANDREASEN, JJ.

HARRIS, Justice.

The grievance commission recommended suspension of not less than one year in this lawyer discipline case. The matter is before us on review of that recommendation. Kent Hutcheson, the respondent lawyer, was the subject of a one-year suspension in another matter in *Committee on Professional Ethics & Conduct v. Hutcheson*, 471 N.W.2d 788 (Iowa 1991). Hutcheson has never applied for readmission, and that suspension remains in effect. We think the recommended discipline in this case is appropriate and order further suspension accordingly.

The matters involved here predated those giving rise to the prior proceeding. The present grievance is derived from Hutcheson's representation of the estate of Daniel Borrego Jr. Borrego was killed while working with a road crew repairing a highway. Administrators of the estate were Borrego's mother and brother. Hutcheson was designated to serve as attorney.

Discipline is recommended in part because Hutcheson, as notary public, falsely certified that several documents in the estate were subscribed and sworn to in his presence. Hutcheson testified it was his practice to offer his notarization signature and seal to unsigned documents, then give the documents to clients, telling them to obtain the necessary signatures. We previously held such practice to be "manifestly unprofessional" for a lawyer. *Committee on Professional Ethics & Conduct v. Bauerle*, 460 N.W.2d 452, 454 (Iowa 1990).

There is considerably more misconduct involved. Hutcheson obtained an ex parte order fixing fees in an estate. They were in excess of those permitted by Iowa Code sections 633.198, .199, and .202 (1985) and were obtained without notice to interested parties. We had occasion to detail the facts, as they relate to the fee allowance, in an appeal from a probate order entered in the Borrego estate. *In re Estate of Borrego*, 490 N.W.2d 833 (Iowa 1992).

Perhaps most ominous was Hutcheson's conduct with regard to his ignoring the interest of heirs of Borrego. Borrego was in fact survived, not only by a named minor daughter, but also by two other children. Although Hutcheson disputes the point, the evidence is clear that he knew of the two additional children. Proceeds of the settlement from the driver's insurance company in the amount of $60,669.39 (the balance of the $100,000 settlement less expenses and attorney fees) were nevertheless placed in a conservatorship for the minor daughter only. Nothing was set aside for, or paid over to, the other two children.

A second settlement check was also mishandled. It was made out directly to Borrego family members, rather than being placed in a conservatorship that had been established for the decedent's minor daughter. One family member individually spent $6000 of these funds. Hutcheson's malpractice insurance carrier reimbursed the Borrego estate for all fees and expenses he received, as well as for the $6000 individually obtained by the family member.

Hutcheson's mishandling of the probate matters violated DR 1–102(A)(1), DR 2–106(A), and EC 9–6 of the code of professional responsibility. *Committee on Professional Ethics & Conduct v. Jackson*, 492 N.W.2d 430, 433 (Iowa 1992). We agree with the commission that a one-year suspension, in addition to Hutcheson's existing one, is warranted.

In Hutcheson's prior case we took special care to require him, prior to any readmission to demonstrate "that he possesses the mental and emotional stability to practice law." *Hutcheson*, 471 N.W.2d at 789. The

commission strongly recommended the same requirement prior to admission following suspension in this case. We agree that the public interest demands no less. Upon any future application for readmission the burden will be on Hutcheson to demonstrate he is fit, physically, mentally, and emotionally, to reenter the practice.

We direct that the respondent Kent Hutcheson's license to practice law in the courts of this state, as that term is defined in Iowa supreme court rule 118.12, be suspended indefinitely, with no possibility for reinstatement for one year from the date of this opinion.

We further order that the costs of this action be assessed against the respondent in accordance with Iowa supreme court rule 118.22.

**LICENSE SUSPENDED.**