**FIRSTAR BANK OF BURLINGTON, IOWA, as Conservator of Shawna Lisa Andries and Gregory Daniel Andries, Minors, and Burlington Bank & Trust Company, Burlington, Iowa, as Conservator of Sylvia Marie Borrego, Minor, Appellants,**

v.

**HAWKEYE PAVING CORP. and Fireman's Fund Insurance Co., Appellees.**

No. 95–1024.

Supreme Court of Iowa.

Jan. 22, 1997.

Steven E. Ort of Bell, Hansen & Ort, P.C., New London, for appellants.

Craig A. Levine and Vicki L. Seeck of Betty, Neuman & McMahon, Davenport, for appellees.

Considered by LARSON, P.J., and CARTER, LAVORATO, SNELL, and TERNUS, JJ.

TERNUS, Justice.

The children of a deceased worker claim a workers' compensation carrier lost its lien on the children's recovery from the third party responsible for their father's death because the insurer did not file a notice of its lien pursuant to Iowa Code section 85.22(1) (1989). The district court ruled after a bench trial that the insurer's omission was excused because the children had not served the insurer with a copy of the original notice of its suit against the third party as required by section 85.22. We agree and affirm.

## I. *Background Facts and Proceedings.*

Neither party disputes the factual findings made by the district court. These findings include the following facts. Daniel Borrego, Jr. died when he was hit by a car while doing construction work for appellee, Hawkeye Paving Corporation. At the time of Borrego's death, Hawkeye was insured for workers' compensation purposes by appellee, Fireman's Fund Insurance Company. Neither Fireman's Fund nor Hawkeye has ever disputed that Borrego's death arose out of and in the course of his employment with Hawkeye.

Borrego's estate and his surviving child, Sylvia Borrego, commenced an action against Arthur Olson, the driver of the car that hit Borrego, seeking damages for Borrego's death. The attorney representing the estate and Sylvia, Kent Hutcheson, wrote to Hawkeye advising it that he had filed suit against Olson in Hamilton County, Iowa. Hutcheson

stated that the letter was "to notify you pursuant to Section 85.22 of the Iowa Code that we are first proceeding against Mr. Olson personally." He also stated, "At the conclusion of that litigation we will offset [any recovery] and subtract those monies from any obligation you may have under the workmen's compensation laws." A copy of the original notice in the Olson suit was never served on Hawkeye or Fireman's Fund.

Hawkeye forwarded Hutcheson's letter to Fireman's Fund. Fireman's Fund responded to Hutcheson, acknowledging receipt of his letter and requesting that he acknowledge Fireman's Fund's lien under section 85.22. Fireman's Fund confirmed that no benefits would be paid to Sylvia and asked Hutcheson to advise it of any settlement so that it could be involved to protect its interest. Fireman's Fund added that upon conclusion of the Olson lawsuit, it would work with Hutcheson to file the necessary paperwork with the industrial commissioner. Hutcheson acknowledged this letter. Neither Hawkeye nor Fireman's Fund filed a notice of lien, believing it was unnecessary to do so based on the correspondence with Hutcheson.

The Olson lawsuit was eventually settled for $100,000. Hutcheson sent a release to Hawkeye for its execution, stating that "this effectively wipes out any obligation on the part of [Fireman's Fund] and Hawkeye." An attorney for Fireman's Fund signed the release on behalf of Hawkeye with the understanding there would be no further obligation on Hawkeye and Fireman's Fund. No written memorandum of the settlement was filed with the industrial commissioner. *See* Iowa Code § 85.22(4). No one, however, disputes the terms of the settlement. Hutcheson secured approval from the court for a one-third contingent fee from the proceeds of the Olson settlement.

Prior to settling the Olson action, Hutcheson had learned of the existence of two additional children of Borrego, Shawna Andries and Gregory Andries, who were also claiming an interest in Borrego's estate. Nevertheless, he did not notify anyone else of this fact

until the Olson case had been settled. Once the existence of the Andries children became known to the other parties involved, the manner in which Hutcheson had handled the settlement and disbursement of the settlement proceeds became the subject of protracted litigation, including a malpractice action against Hutcheson as well as disciplinary proceedings against him. *See Committee on Prof'l Ethics & Conduct v. Hutcheson,* 504 N.W.2d 898, 899 (Iowa 1993). Eventually, the settlement funds and a recovery in the malpractice action were distributed equally among Borrego's three children.

While this litigation was in progress, the children filed a workers' compensation claim against Hawkeye and Fireman's Fund. The only dispute in the workers' compensation suit was whether Hawkeye and Fireman's Fund were entitled to a credit against any workers' compensation award based on the Olson settlement. A deputy industrial commissioner awarded benefits, but ruled he had no jurisdiction to determine the indemnity issue.

The children, through appellants, their conservators, then filed this action to obtain a judgment against Fireman's Fund and Hawkeye for the workers' compensation award. *See* Iowa Code § 86.42 (allowing any party in interest to obtain a judgment for benefits awarded by the commissioner if no petition for judicial review has been filed). The district court rendered judgment as requested. Hawkeye and Fireman's Fund then filed a motion to vacate or in the alternative a request for declaratory judgment, again raising their entitlement to a lien on or a credit for the third-party recovery from Olson. The case was tried to the court as a declaratory judgment action. The district court ruled that Fireman's Fund had a lien on the Olson settlement in the amount of $66,670 (the settlement amount less attorney fees). It further held Fireman's Fund had a right to be indemnified from the settlement proceeds. The court concluded Fireman's Fund had no obligation to pay benefits until

the monies secured by its lien were exhausted.[1]

The children appeal. They claim Fireman's Fund has no lien because it did not file a notice of lien in the suit against Olson. As a result, they argue, Fireman's Fund must pay benefits to the children and then seek to recover these payments in an indemnity action against the children. We review the district court's decision for correction of errors of law. Iowa R.App. P. 4.

## II. Did Fireman's Fund's Lien Expire When It Failed To File a Notice of Lien?

**A. Statutory procedure.** We begin our analysis with a review of the pertinent provisions of the governing statute, Iowa Code section 85.22. That statute allows an injured worker or the legal representative of a deceased worker to proceed against a third party responsible for the worker's injury or death in an action for damages. Iowa Code § 85.22 para. 1. Section 85.22 requires the worker or legal representative to give notice of the lawsuit to the employer:

> When an injured employee or the employee's legal representative brings an action against such third party, *a copy of the original notice shall be served upon the employer by the plaintiff,* not less than ten days before the trial of the case, but a failure to give such notice shall not prejudice the rights of the employer....

*Id.* (emphasis added). This statute further provides that the employer or its insurer is entitled to be indemnified out of any recovery of damages to the extent of any benefits already paid. *Id.* § 85.22(1); *see Fisher v. Keller Indus., Inc.,* 485 N.W.2d 626, 630 (Iowa 1992) (right to immediate indemnification extends only to the payments already made by the insurer at the time the third-party recovery is paid).

The employer or insurer is also given a lien on the recovery for "the compensation for which the employer or insurer is liable." Iowa Code § 85.22(1). This lien ensures that the funds recovered from the third party will

---

**1.** The sum subject to Fireman's Fund's lien, $66,670, equaled 251.87955 weeks of compensation benefits. The trial court ruled Fireman's Fund's

obligation to pay benefits did not arise until the expiration of 251.87955 weeks.

be available to reimburse the insurer for benefits paid in the future, as well as for payments already made to the injured employee or his estate. *Christensen v. Pocket Lounge, Inc.*, 519 N.W.2d 401, 403 (Iowa 1994); *Shirley v. Pothast*, 508 N.W.2d 712, 719 (Iowa 1993).

■ The insurer's lien is, however, conditional:

> In order to continue and preserve the lien, the employer or insurer shall, *within thirty days after receiving notice of such suit from the employee,* file, in the office of the clerk of the court where the action is brought, notice of lien.

Iowa Code § 85.22(1) (emphasis added). An insurer who fails to timely file the required notice loses its lien. *Armour–Dial, Inc. v. Lodge & Shipley Co.*, 334 N.W.2d 142, 145 (Iowa 1983).

■ B. *Issue presented.* The statutory procedure we have outlined was not followed in this case in two respects: (1) Borrego's personal representative did not serve Hawkeye with a copy of the original notice from the Olson lawsuit; and (2) neither Hawkeye nor Fireman's Fund filed a notice of lien in that action. Although we held in *Armour–Dial* that an insurer must file a notice of lien to maintain its lien, that case is not dispositive here because the facts in *Armour–Dial* are significantly different from the facts here. In *Armour–Dial*, the employee had given the employer the required notice of the third-party lawsuit. *See Armour–Dial*, 334 N.W.2d at 143. Here, Borrego's estate did not serve Hawkeye with a copy of the original notice. Consequently, we are presented with an issue of first impression: Is service upon the employer of the original notice of suit against a third party a condition precedent to the employer's duty to timely file a notice of lien pursuant to section 85.22(1)?

To decide this issue, we must construe the emphasized language from section 85.22(1):

> In order to continue and preserve the lien, the employer or insurer shall, within thirty days after receiving *notice of such suit* from the employee, file, in the office of the clerk of the court where the action is brought, notice of lien.

(Emphasis added.) The children contend actual notice that a third-party suit has been filed triggers the insurer's obligation to file a notice of lien. Fireman's Fund argues the thirty-day period for filing a notice of lien runs from the date the insurer is served with the original notice in the third-party action. Thus, this case turns on whether the word "notice" in section 85.22(1) refers to actual notice or the original notice to be served by the employee.

■ C. *Analysis.* When the language of a statute is clear, we simply give effect to the statute as written. *Henriksen v. Younglove Constr.*, 540 N.W.2d 254, 258 (Iowa 1995). But when the meaning of a statute is not clear from the language used, we look to the object to be accomplished by the legislation to decide what the legislature meant by the words it used. We give the statute a meaning that will effectuate, rather than defeat, that object. *In re Estate of Voss*, 553 N.W.2d 878, 880 (Iowa 1996). In other words, we seek a reasonable construction that will serve the purpose of the statute. *Sourbier v. State*, 498 N.W.2d 720, 723 (Iowa 1993).

In the first unnumbered paragraph of section 85.22, the legislature placed a duty on the injured worker to serve the employer with a copy of the original notice in the third-party lawsuit. Thereafter, in section 85.22(1), the legislature placed an obligation on the employer to file a notice of lien "within thirty days after receiving notice of such suit from the employee." Our first inquiry in ascertaining the meaning of section 85.22(1) is to decide the purpose of the legislature, if any, in requiring the employee's notice to be in the form of an original notice rather than merely any written or verbal notice to the employer that the third party has been sued.

We think the purpose of the legislature in requiring service of the original notice was to give the employer all the information it would need to comply with its obligation to file a notice of lien in the third-party action. By receiving a copy of the original notice, the employer would have the caption of the third-party suit, the county in which it was filed and the case number assigned by the clerk of court—everything necessary to prepare a no-

tice of lien and file it. It is logical to conclude, then, that the thirty-day period for filing the notice of lien would commence when the employer received the original notice containing this information.

 If actual notice that an action has been filed were sufficient to trigger the obligation to file the notice of lien, as the children argue, then the employer would have to gather the information needed to prepare and file its notice of lien if the notice did not include the necessary information. Moreover, it seems odd that the legislature would start the thirty-day period only upon receipt of notice "from the employee" if it had intended actual notice to commence the filing period. If actual notice of the third-party action were adequate to trigger the duty to file a notice of lien, what difference would it make how the employer gained that actual notice? It makes more sense to conclude the "notice of such suit from the employee" referenced in section 85.22(1) means the same notice the statute requires the employee to serve on the employer, i.e., the original notice.

In conclusion, we think the trial court correctly interpreted section 85.22(1) when it held the children's service of the original notice in the Olson lawsuit was a condition precedent to Fireman's Fund's duty to file a notice of lien. Because the children did not serve the original notice, Fireman's Fund's lien remains intact despite its failure to file a notice of lien. We affirm the district court's allowance of a credit, in the amount secured by the lien, against Fireman's Fund's obligation to pay workers' compensation benefits to the children.

**AFFIRMED.**

All Justices concur except SNELL, J., who concurs in result only.