In the MATTER OF the ESTATE OF Lee D. RENWANZ, Deceased.

Susan RASMUSSEN, Appellant,

v.

Teresa TUHN, Executor of the Estate of Lee D. Renwanz, Deceased, Appellee.

No. 96–134.

Supreme Court of Iowa.

March 26, 1997.

Peter C. Riley of Tom Riley Law Firm, P.C., Cedar Rapids, for appellant.

Bernard L. Spaeth, Jr. and Nancy P. O'Brien of Whitfield & Eddy, P.L.C., Des Moines, for appellee.

Considered by CARTER, P.J., and LAVORATO, SNELL, ANDREASEN, and TERNUS, JJ.

SNELL, Justice.

Our inquiry in this case is whether an executor is required by statute to mail notice of probate to a creditor who has actual knowledge of the probate proceedings. We hold that mailed notice is required. We reverse and remand.

I. Factual and Procedural Background

On December 18, 1993, Lorraine Renwanz went to her husband's residence to pick up various items of personal property that were divided by the court under the terms of a

dissolution settlement. After she arrived, Lee Renwanz shot and killed her. He then got into his pickup truck and ran it into the front of the residence of Mark Rasmussen, who had represented Lorraine in the dissolution proceeding. Susan Rasmussen was home at the time of the incident, along with her child, Christopher, and a guest, Janice Thorn. Lee Renwanz subsequently left the area and committed suicide.

Lee Renwanz's estate was opened for probate on December 27, 1993; the second notice to creditors was published on January 6, 1994. On February 17, 1994, Susan Rasmussen brought a civil action against the estate for personal injuries resulting from the collision of the pickup truck with the Rasmussen house.[1] Prior to scheduled trial, Susan was sanctioned for failing to comply with the court's order compelling discovery. The sanctions precluded Susan from offering certain expert testimony and medical records into evidence. As a result of these sanctions imposed by the court, Susan decided to voluntarily dismiss her suit, without prejudice, on June 14, 1995. See Iowa R. Civ. P. 215.

On October 17, 1995, Susan filed a claim in probate against the estate seeking damages of $90,000 as a result of the collision into the house. The claim was accompanied by a request for a hearing and a jury trial. The executor of the estate, Teresa Tuhn, filed a motion to dismiss and a motion for summary judgment, contending Susan's claim was not timely filed under Iowa Code section 633.410 (1995).

The district court granted the executor's motion for summary judgment, noting that Susan had already filed a separate action against the estate and then chose to voluntarily dismiss it. The court opined that pursuant to section 633.415, this action was considered a claim against the estate. The district court reasoned that because Susan had already filed a claim against the estate, the executor was not required to give notice to Susan as a "reasonably ascertainable creditor." The court concluded that the February 1994 action waived any further

obligation of the executor under section 633.410 regarding notice, and thus the October 1995 action was untimely. It is from this order that Susan appeals.

## II. Standard of Review

The district court's order sustaining Tuhn's motion for summary judgment is reviewed for correction of errors at law. Iowa R. Civ. P. 237(c). We will uphold a summary judgment order when the movant shows there are no genuine issues of material fact and it is entitled to judgment as a matter of law. *C–Thru Container Corp. v. Midland Mfg. Co.*, 533 N.W.2d 542, 544 (Iowa 1995). We review the record in the light most favorable to the non-moving party. *Id.; Hoffnagle v. McDonald's Corp.*, 522 N.W.2d 808, 811 (Iowa 1994).

## III. Issue on Appeal

When the estate was opened, the executor was required to publish notice on two consecutive weeks and mail notice to each creditor of the estate whose identity was reasonably ascertainable. Any claim against the estate was to be commenced within the later of either four months from the date of the second publication or one month after service of notice by ordinary mail to claimant's last known address to all reasonably ascertainable claimants. Iowa Code § 633.410. Due process requires that all known or reasonably ascertainable creditors of an estate must be given notice by mail, instead of mere notice by publication. *See Tulsa Prof'l Collection Servs., Inc. v. Pope*, 485 U.S. 478, 489, 108 S.Ct. 1340, 1347, 99 L.Ed.2d 565, 579 (1988); *In re Estate of Weidman*, 476 N.W.2d 357, 360 (Iowa 1991).

Susan contends that the trial court erred in granting summary judgment because the time limitation of section 633.410 had not run. She argues that upon filing her claim in February of 1994, she became a "readily ascertainable creditor" entitled to notice by mail. Accordingly, she contends the estate's failure to provide her with such notice prevents the limiting statute from running. In response, the estate argues that Rasmussen's

---

1. On that same date, actions were also brought by Janice Thorn, Mark Rasmussen individually, and by Mark and Susan Rasmussen as Next Friend to their son, Christopher. These actions are not at issue in this appeal.

claim was barred on May 6, 1994, four months after publication of the second notice to creditors. The estate contends, and the trial court agreed, that once Rasmussen filed her original claim, nothing in section 633.410 entitled her to additional notice.

## IV. Resolution

Susan argues that her actual knowledge of the pendency of the probate of the Renwanz estate is irrelevant to the requirement that mailed notice be given by the executor. She points out that prejudicial consequences do not attach to the voluntary dismissal of her prior lawsuit against the estate. We have approved the practice of a party's dismissing a lawsuit, without prejudice, and refiling it in order to avoid the consequences of discovery rules or orders. *Venard v. Winter,* 524 N.W.2d 163, 168 (Iowa 1994); *Alden v. Iowa Dist. Ct.,* 479 N.W.2d 318, 320–21 (Iowa 1992). In dismissing her prior suit, we therefore find no prejudicial consequences attach to that act.

We are not here considering an issue of due process but, rather, one of statutory construction. In *Estate of Beck v. Engene,* we determined that due process required that mailed notice be given to all known or reasonably ascertainable heirs-at-law. *Estate of Beck v. Engene,* 557 N.W.2d 270, 274 (Iowa 1996). In construing Iowa Code section 633.410, we apply our principle of statutory construction that courts do not favor statutes of limitation. When two interpretations are possible, the preferred interpretation is the one that allows the litigant seeking relief to have a longer period. *See Harden v. State,* 434 N.W.2d 881, 884 (Iowa 1989); *John Deere Dubuque Works v. Meyers,* 410 N.W.2d 255, 257 (Iowa 1987).

The statutory language is clear that if the identity of a claimant is reasonably ascertainable, service of notice by ordinary mail of the probate of the estate is required to commence the period of limitation on filing claims. In the instant case, the identity of Susan Rasmussen was known to the executor, as Rasmussen had sued the estate for damages and dismissed the suit, without prejudice, which preserved her claim. Despite having this knowledge, the executor failed to give mailed notice to Rasmussen.

We also considered the effect of actual knowledge in construing a notice requirement in *Firstar Bank v. Hawkeye Paving Corp.,* 558 N.W.2d 423 (Iowa 1997). In that case we construed Iowa Code section 85.22(1) to require original notice of a suit against a third party to be served on an employer and its workers' compensation carrier in order to trigger statutory action, even though the employer and the carrier already knew of the third-party suit. *Firstar Bank,* 558 N.W.2d at 427.

Our construction of Iowa Code section 633.410 is that strict compliance with the clear wording of the statute is required. The failure to serve mailed notice to Rasmussen results in a failure to commence the limitation period under Iowa Code section 633.410 that would otherwise bar her claim against the estate. Statements to the contrary in *In re Estate of Daily,* 555 N.W.2d 254, 257–58 (Iowa App.1996), that a creditor's actual knowledge of the probate obviates the requirement to give mailed notice, are dictum and are overruled. The trial court erred in granting summary judgment for the defendant estate and in dismissing plaintiff's claim.

**REVERSED AND REMANDED.**