# IN THE COURT OF APPEALS OF IOWA

No. 17-0758
Filed February 7, 2018

**HENRY BEIRNES,**
        Claimant-Appellant,

**vs.**

**ADRIENNE DENISE VECELLIO and JEFFREY JOHN VECELLIO, as Executors
of the Estate of CLAUDIA J. VECELLIO,**
        Respondents-Appellees.
_____

        Appeal from the Iowa District Court for Linn County, Ian K. Thornhill, Judge.


        Henry Beirnes appeals the order dismissing his personal injury claim

against the Estate of Claudia Vecellio.  **AFFIRMED.**



        L. Craig Nierman and Nicholas J. Kilburg of Phelan, Tucker, Mullen, Walker,

Tucker & Gelman, L.L.P., Iowa City, for appellant.

        Jeffrey D. Ewoldt of Hopkins & Huebner, P.C., Des Moines, for appellees.



        Considered by Danilson, C.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

Henry Beirnes appeals the order dismissing his personal injury claim against the Estate of Claudia Vecellio as untimely under Iowa Code section 633.410(1) (2014), which bars claims against a decedent's estate unless filed "within the later to occur of four months after the date of the second publication of the notice to creditors or, as to each claimant whose identity was reasonably ascertainable, one month after service of notice by ordinary mail to the claimant's last known address." Beirnes contends his claim was timely because he was a reasonably ascertainable creditor and, therefore, the limitation period could not expire until he was served notice by mail. He also contends the court erred in dismissing his claim to the extent Vecellio's insurance covers it because the statute "does not bar claims for which there is insurance coverage." Iowa Code § 633.410(3).

### I. Background Facts and Proceedings.

On September 18, 2014, Vecellio rear-ended a motorcycle owned by John French, which Beirnes was driving. The investigating officer's accident report indicates neither driver was injured, and approximates the cost to repair Vecellio's vehicle as $0, and the motorcycle as $500. The following day, both French and Beirnes spoke with representatives of Vecellio's insurance carrier, Esurance Insurance Services, Inc. (Esurance), about the incident. Vecellio spoke to Esurance about the incident on September 22. She emailed photographs of her car to Esurance on September 30. Esurance had no further contact with Vecellio thereafter.

In October 2014, Beirnes advised Esurance that he had sought medical treatment as a result of the collision. Esurance attempted to contact Biernes in November and December 2014 but was unsuccessful as Biernes did not respond to the messages left for him. As a result, Esurance closed its file relating to the collision on December 29, 2014. On July 20, 2015, an attorney representing Biernes contacted Esurance to advise he was preparing a settlement demand letter, but no such letter was received. In March 2016, the same attorney again advised Esurance he would be preparing a settlement demand, but that he did not have any information regarding the amount of special damages incurred by Biernes up to that time, but again, Esurance did not receive any settlement demand from Biernes or his attorney.

Vecellio died on July 28, 2015. Her will was admitted to probate, and the estate published a notice to creditors in the Cedar Rapids Gazette on August 18 and 25, 2015. The notice was not mailed to Beirnes.

In June 2016, Beirnes filed a $250,000 claim against the estate. New counsel for Beirnes then filed a request for hearing and jury demand. The estate moved to dismiss the claim as untimely under section 633.410(1) because Beirnes filed his claim more than four months after the second publication of notice to creditors.[1] Beirnes resisted the motion, arguing he was entitled to service of the

---

[1] Iowa Code § 633.410(1) provides:

> All claims against a decedent's estate, other than charges, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract or otherwise, are forever barred against the estate, the personal representative, and the distributees of the estate, unless filed with the clerk within the latter to occur of four months after the date of the second publication of the notice to creditors or, as to each claimant whose identity is reasonably ascertainable, one month after service of notice by ordinary mail to the claimant's last known address.

notice by mail because his identity as a creditor was reasonably ascertainable. In a supplemental resistance filed prior to hearing, Beirnes argued in the alternative that section 633.410(3) allowed him to pursue his claim to the extent insurance coverage was available.[2]

On April 13, 2017, after conducting a hearing on the matter, the district court dismissed Beirnes's claim against the estate as untimely after determining Beirnes was an unknown creditor and, accordingly, the estate was not required to mail him the notice. Because Beirnes filed his claim more than four months after the second publication of notice to creditors, the court held his claim was barred under section 633.410(1). The court did not address Beirnes's alternative argument concerning Vecellio's insurance coverage.

On April 24, 2017, Beirnes moved the court expand its ruling to address his argument regarding the section 633.410(3) exception for claims covered by insurance. In the motion, he also argued the estate had constructive notice of his claim because Vecellio's insurance company had knowledge of it. However, on May 15, 2017, before obtaining a ruling on his motion to expand, Beirnes filed a notice to appeal from the district court's April 13, 2017 dismissal order. Because the appeal divested the district court of its jurisdiction, it never ruled on Beirnes's motion.

**II. Scope and Standard of Review.**

The estate requested its motion to dismiss be treated as a motion for summary judgment. Beirne did not object. Consequently, the district court treated

---

[2] Iowa Code § 633.410(3) provides, in part: "This section does not bar claims for which there is insurance coverage, to the extent of the coverage."

the estate's motion to dismiss as a motion for summary judgment. As such, our review is for correction of errors at law. *See Homan v. Brandstad*, 887 N.W.2d 153, 163 (Iowa 2016). We review the record in the light most favorable to the nonmoving party, drawing all inferences that may be drawn legitimately from the evidence in that party's favor. *See id.* at 163-64.

### III. Discussion.

On appeal, Beirnes revives the arguments he raised in the district court. The estate argues error is not preserved for our review on Beirnes's constructive knowledge argument and his assertion that section 633.410(3) does not bar his claim to the extent it was covered by Vecellio's insurance.

If the district court fails to rule on an issue properly before it, a party must file a motion under Iowa Rule of Civil Procedure 1.904(2) to preserve that claim for appellate review. *See Lamasters v. State*, 821 N.W.2d 856, 864 n.2 (Iowa 2012); *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("When a district court fails to rule on an issue properly raised by a party, the party who raised the issue must file a motion requesting a ruling in order to preserve error for appeal."). The district court failed to address Beirnes's argument concerning the exception to the statutory limitation for claims covered by insurance as set forth in section 633.410(3). The district court did not address Beirnes's constructive knowledge argument.[3] Although Beirnes raised these matters in a rule 1.904(2) motion, he filed a notice of appeal before obtaining a ruling on his motion, thus divesting the

---

[3] The constructive knowledge argument was not made in Beirnes's resistance or supplemental resistance to the estate's motion to dismiss. The constructive knowledge argument was inferentially made at the hearing and was not specifically articulated until Beirnes's rule 1.904(2) motion.

district court of jurisdiction to rule on the motion. *See Wolf v. City of Ely*, 493 N.W.2d 846, 848 (Iowa 1992). Without a ruling from the district court, we are unable to address his arguments on appeal regardless of their potential merit. *See Meier*, 641 N.W.2d at 537 ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised *and decided* by the district court before we will decide them on appeal." (emphasis added)).

So, the only question before us on appeal, then, is whether Beirnes was a reasonably ascertainable creditor entitled to service of the notice to creditors by mail. If so, the estate was required to mail Beirnes the notice before the limitation period on filing claims would commence. *See In re Estate of Renwanz*, 561 N.W.2d 43, 45 (Iowa 1997).

Beirnes argues the district court erred in finding he was "an unknown creditor, rather than a known potential creditor entitled to personal service." To the extent that the estate knew Vecellio was involved in a motor vehicle collision involving Beirnes, Beirnes was "known." The dispute is whether that knowledge alone—the mere potential that a claim may be brought against the decedent— required service by mail of the notice to creditors. In *Tulsa Professional Collection Services., Inc. v. Pope*, 485 U.S. 478, 491 (1988), the Supreme Court indicated that knowledge of a potential claim alone is insufficient to hold a creditor is reasonably ascertainable:

> Whether appellant's identity as a creditor was known or reasonably ascertainable by appellee cannot be answered on this record. Neither the Oklahoma Supreme Court nor the Court of Appeals nor the District Court considered the question. Appellee of course was aware that her husband endured a long stay at St. John Medical Center, but *it is not clear that this awareness translates into a knowledge of appellant's claim*.

Because that awareness alone was insufficient to hold the appellant was a reasonably ascertainable creditor, the Court remanded the case for a determination of whether "reasonably diligent efforts" would have "identified the appellant *and* uncovered its claim." *Pope*, 485 U.S. at 491 (emphasis added). The determination of what is reasonable turns on the particular facts of each case. *See id.* at 484 (noting that the determination of whether personal service of notice is necessary depends on the particular circumstances).

The district court determined that the facts of this case did not reveal Beirnes to be a reasonably ascertainable creditor. In particular, the court noted:

> In the current action, [Beirnes] points out that [decedent's daughter/co-executor] was aware of the collision and the Executors could have easily obtained a police report where [Beirnes]'s name and address were recorded. Therefore, it is contended, Claimant was a reasonably ascertainable creditor. Having considered the factual circumstances as whole, the court disagrees.
>
> First, as [decedent's daughter/co-executor] stated in her affidavit, she saw Decedent's vehicle immediately after the collision and noticed no damage that called for repair, confirming her understanding that the collision was minor. While a property damage claim from the *owner* of the motorcycle was possible, she foresaw no possible personal injury claim from the operator. Second, Decedent's insurance company was immediately notified of the collision. As indicated by the claims adjuster's affidavit, Esurance's numerous phone calls and voicemails in November and December 2014 went unreturned. Effectively, [Beirnes]'s delinquency in cooperating with Esurance constitutes an abandonment of his claim. In this context of unresponsiveness, it was not unreasonable for Esurance to close [Beirnes]'s file in December 2014. Although [Beirnes] resumed his pursuit more than half a year later in July 2015, that pursuit again fell silent. It took [Beirnes] almost another year to pick up his claim again and by then it was almost eleven months after the second publication of notice.
>
> Finally, the existence of the police report, even if reviewed by the Executors, would not have changed the assessment that [Beirnes]'s claim was conjectural and remote. The fact that the police report contains the contact information of [Beirnes] does not

automatically translate into a duty upon the Executors to recognize [Beirnes] as possessing a legitimate complaint.

On the record before us, we find no error. To be sure, a potential existed for Beirnes to make a personal injury claim. But under the facts presented, that mere potential did not raise Beirnes to the status of a "reasonably ascertainable" creditor entitled to service of notice by mail. Therefore, the time in which he was required to file his claim against the estate ended four months after the second publication of notice. Beirnes filed his claim almost ten months later, and therefore, his claim was untimely. On this limited issue, we affirm the district court's order dismissing Beirnes's claim.

**AFFIRMED.**