# IN THE COURT OF APPEALS OF IOWA

No. 21-1868
Filed December 7, 2022

**IN THE MATTER OF THE ESTATE OF SUSAN I. RICE, Deceased,**

**METHODIST MANOR RETIREMENT COMMUNITY,**
  Appellant.
_____

Appeal from the Iowa District Court for Buena Vista County, Shayne Mayer, Judge.

A nursing home appeals the grant of summary judgment denying priority for its claim in probate. **AFFIRMED.**

John M. Murray of Murray & Murray, P.L.C., Storm Lake, for appellant.

Thomas J. Miller, Attorney General, and Laura F. Kron, Assistant Attorney General, for appellee.

Considered by Ahlers, P.J., and Badding and Chicchelly, JJ.

**BADDING, Judge.**

Methodist Manor Retirement Community, where Susan Rice spent the last years of her life, appeals from the district court's denial of its attempt to jump in line ahead of the Iowa Department of Health and Human Services[1] as a creditor in her estate. We affirm.

Susan Rice bought a home in 1990. Years later, she became a resident of Methodist Manor. She continued to maintain her home, which she claimed as her homestead until her death in October 2020. During Rice's time at Methodist Manor, the department paid the nursing facility Medicaid benefits for her care. For some of those years, Methodist Manor failed to collect Rice's share for its services. The facility accordingly obtained a judgment against her in 2015 for $32,759.80.

Rice's will was admitted to probate shortly after her death. She did not leave a surviving spouse or children. The department soon filed a claim in probate seeking to recover $395,612.12 in Medicaid payments made on Rice's behalf. The executor later filed a report and inventory showing the gross value of probate assets was $51,016.20, with $45,000.00 of the value attributed to Rice's home. In March 2021, Methodist Manor filed a claim in probate seeking to recover its 2015 judgment against Rice. Methodist Manor and the department both filed motions for summary judgment, with each arguing their claim had priority over the other. After a hearing, the district court granted the department's motion for summary

---

[1] Beginning July 1, 2022, the Iowa Department of Human Services began transitioning into the Iowa Department of Health and Human Services. *See* 2022 Iowa Acts ch. 1131, § 51.

judgment and denied Methodist Manor's, finding the department's claim has higher priority.

We review Methodist Manor's appeal from the district court's ruling on summary judgment for the correction of errors at law. *In re Est. of Renwanz*, 561 N.W.2d 43, 44 (Iowa 1997). "We will uphold a summary judgment order when the movant shows there are no genuine issues of material fact and it is entitled to judgment as a matter of law." *Id.* Methodist Manor concedes there are no material facts at issue, making the matter before us solely a question of law. *See Plowman v. Fort Madison Cmty. Hosp.*, 896 N.W.2d 393, 398 (Iowa 2017) ("Summary judgment is appropriate if the only conflict concerns the legal consequences of undisputed facts." (citation omitted)).

Iowa Code section 633.425 (2020) controls the priority of probate claims. *See In re Est. of Lau*, 442 N.W.2d 109, 111 (Iowa 1989). Methodist Manor acknowledges that its claim, if unsecured, is a lower priority than the department's Medicaid-reimbursement claim. *See* Iowa Code § 633.425(7), (10). But the facility argues it has a secured lien, which is not subject to the preference provisions of section 633.425. *See id.* § 633.423 (providing a procedure for secured claims in probate); *Lau*, 442 N.W.2d at 111–12 ("[C]laimant's [secured] liens have priority over the debts and charges listed in section 633.425."). To get to that conclusion, Methodist Manor relies on Iowa Code sections 624.23 and 561.21.

Starting with those statutes, we observe that judgments like the one Methodist Manor obtained against Rice in 2015 typically create "liens upon the real estate owned by the defendant." Iowa Code § 624.23(1). That is not the case,

however, for land used and occupied as a homestead, against which judgment liens generally do not attach. *Id.* § 624.23(2)(a).

Recognizing the protections afforded to homesteads, Methodist Manor makes a two-pronged argument for why it nevertheless has a judgment lien secured by Rice's home that is entitled to payment ahead of the department's Medicaid-reimbursement claim. For the first prong, Methodist Manor relies on Iowa Code section 561.21(4) in arguing the homestead exemption does not apply to Rice's home after her death. Section 561.21(4) states, "The homestead may be sold to satisfy debts . . . [i]f there is no survivor or issue, for the payment of any debts to which it might at that time be subjected if it had never been held as a homestead." Since Rice left "no survivor or issue," the facility argues that section 561.21(4) lifted the homestead protection from her home upon her death. From that premise, Methodist Manor contends in the second prong of its argument that its judgment lien attached to Rice's home after her death without the protection of the homestead exemption. *See Id.* § 554.9203(1) ("A security interest attaches to collateral when it becomes enforceable against the debtor with respect to the collateral . . . .").

We need not decide the first prong because, even if Methodist Manor's judgment lien could attach to Rice's home, attachment cannot occur *before* Rice's death. *See Brown v. Vonnahme*, 343 N.W.2d 445, 446 (Iowa 1984) ("[A] judgment lien does not attach to property used and occupied as a homestead."). And it is that point in time we are concerned with when examining the priority of these dueling claims. To understand why, we look to Iowa Code section 249A.53, which controls the department's Medicaid-reimbursement claim. *See In re Est. of*

*Laughead*, 696 N.W.2d 312, 317 (Iowa 2005) (stating current section 249A.53, and not the probate code, "control[s] the determination of assets includable in a recipient's estate for purposes of satisfying a Medicaid debt").

The Medicaid benefits the department provided to Rice while she was at Methodist Manor "create[d] a debt due the department *from the individual's estate* for all medical assistance provided on the individual's behalf, upon the individual's death." Iowa Code § 249A.53(2) (emphasis added). When identifying a Medicaid recipient's estate for reimbursement, the estate "includes any real property . . . in which the recipient . . . had any legal title or interest *at the time of the recipient's* . . . *death*." *Id.* § 249A.53(2)(c) (emphasis added). This definition of "estate" does not exclude realty protected by the homestead exemption, which tracks the legislature's intent to "broadly" define the estate under section 249A.53. *In re Barkema Tr.*, 690 N.W.2d 50, 55 (Iowa 2004). Importantly, the estate is measured at "the time immediately before the Medicaid recipient's death" for purposes of section 249A.53, and not "at the precise moment" the recipient dies or some later point, as Method Manor seems to argue. *Id.* at 56.

Putting the various code sections and case law together, the department may recover Medicaid payments from Rice's estate as her estate existed immediately before her death, including her home with the homestead exemption still in effect. *See* Iowa Code § 249A.53(2)(c). Assuming Methodist Manor's judgment lien could attach to Rice's home, that would not happen until after her death and after identification of her estate for Medicaid-reimbursement purposes. *See Brown*, 343 N.W.2d at 446. Therefore, Rice's home was not encumbered by any judgment lien for purposes of the department's Medicaid-reimbursement

claim. We affirm the district court's grant of summary judgment finding the department's Medicaid-reimbursement claim was entitled to payment before Methodist Manor's claim.

**AFFIRMED.**